[No. 1724. Decided June 26, 1895.]

THE CITY OF MONTESANO, *Respondent,* v. W. H. BLAIR *et ux., Appellants.*

REVIEW ON APPEAL — EXCEPTIONS TO FINDINGS — SUFFICIENCY OF COMPLAINT AFTER JUDGMENT — COSTS — ATTORNEY FEES.

Under the appeal act of 1893, the supreme court cannot consider the evidence in an equity case when no exceptions have been taken to the findings of the lower court.

In the absence of a demurrer to the complaint, the pleading will be liberally construed upon attack after judgment.

Where an attorney fee is provided by statute in certain forms of action, it is erroneous to allow in addition thereto the statutory fee of $10 allowed as costs to the prevailing party.

*Appeal from Superior Court, Chehalis County.*

*T. D. Scofield,* for appellant.

*Austin E. Griffiths,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought in the court below to foreclose certain street grade assessment liens. There was a decree for the plaintiff, from which this appeal was prosecuted.

Counsel for respondent, in his brief, insists that this court cannot consider any evidence because no exceptions were taken to the findings and conclusions of the lower court; nor were findings tendered or requested by appellants. This court has repeatedly held that, under the act of 1893 it could not consider evidence where exceptions had not been taken to the findings. It is true there were no findings of fact made in this case other than those incorporated in the decree, and in this respect the condition of the record is precisely as was presented in the cases of *Washington Brick,*

*Lime & Mfg. Co. v. Adler, ante,* p. 24, and *Stoddard v. Seattle National Bank,* decided June 19, 1895 (*post*). This court held in those cases that it could not review the evidence. The statement will therefore be stricken.

The only points that remain for determination arise from a consideration of the pleadings and objections taken thereto, and the ruling of the court upon a motion to retax costs. No demurrer to the complaint was made, but it is strongly insisted in this court that it is insufficient. In the absence of a demurrer the complaint, after judgment, should receive a very liberal construction. We think it states a cause of action and is sufficient to support the judgment entered. *Town of Elma v. Carney,* 4 Wash. 418 (30 Pac. 732); *Pacific Paving Co. v. Bolton,* 97 Cal. 8 (31 Pac. 625).

The court committed no error in striking paragraphs 7, 10 and 11 of the answer. The matters set up in these paragraphs were wholly immaterial and constituted no defense to the cause of action set out in the complaint; and they were insufficient in form or substance to constitute a counterclaim, even if we were to assume that the appellants had the right to offset damages in this form of action.

Appellants were not prejudiced by the court's refusal to strike out portions of respondent's reply; at most, the court's refusal was harmless error.

We think, however, that the court erred in refusing (upon appellant's motion to retax costs) to exclude the sum of $10 taxed by the clerk and allowed as attorney's fees. In this form of action the statute makes provision for a reasonable attorney's fee to be fixed by the court, and in this case the court allowed the sum of $25 for that purpose. We hold that a party is not entitled to the attorney's fee thus provided and also to the statutory fee of $10 allowed as costs to the pre-

vailing party. To this extent the decree must be modified. In all other respects it will be affirmed. Neither party will recover costs in this court.

HOYT, C. J., and DUNBAR, ANDERS and SCOTT, JJ., concur.