[No. 1737. Decided July 10, 1895.]

FREMONT MILLING COMPANY, *Respondent*, v. DAVID T. DENNY *et al., Appellants.*

REVIEW ON APPEAL — EXCEPTIONS TO FINDINGS.

In order to raise any question as to the evidence there must be specific exceptions to the findings of fact to which objections are urged, a general exception being insufficient, when the findings as made will support the decree.

*Appeal from Superior Court, King County.*

*Bruce, Brown & Cleveland*, for appellant Brown.

*Frank P. Lewis*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—In May, 1891, one Wood and wife, who were the owners of certain real estate in the city of Seattle, entered into an agreement with M. N. Knuppenberg and L. B. Levy to convey said real estate to them on condition that they would place improvements thereon to the value of $4,000.00. This agreement was duly performed by all parties.

In constructing said improvements said Knuppenberg and Levy became indebted to various parties for material and labor, and said parties thereafter filed liens against the property, and brought foreclosure actions. After the filing of the liens and the institution of said suits — with the exception of one of them — appellant Brown obtained a judgment against said Levy and filed a transcript thereof with the auditor of King county. Judgment was rendered in favor of the lien claimants, but Brown was not a party to said suits, and this action was subsequently brought for the purpose, among others, of foreclosing his interest in the premises. Judgment was rendered in favor of the plaintiff, and this appeal was taken therefrom.

The only findings of fact made by the court are certain general ones contained in the decree. It is conceded that there was no motion or request by either party to have other or specific findings or to set aside the decree on the ground that the findings were irregularly made, nor was there any objection to the findings other than that the appellant excepted as follows: "To all of which findings and decree defendant Brown excepted, which is allowed."

We have repeatedly held that in order to raise any

question as to the evidence there must be exceptions to the findings of fact, otherwise the only question relating to the facts that can be presented upon appeal is whether the decree rendered is repugnant to the findings or the facts admitted by the pleadings. The exception taken in this case was insufficient. No specific exception was taken, and no ground was stated. While it may not be necessary in all cases to state the ground of an exception to a finding of fact, it must nevertheless appear from the case that the point urged upon appeal was fairly presented to the lower court, as we have repeatedly held that we will not review questions raised here for the first time.

It was insisted by appellant upon the argument of the cause that he was entitled to a reversal upon the facts admitted by the pleadings and that it appeared thereby that his claim was a prior and paramount one. Appellant's brief evidently was not prepared upon such a theory of the case, and it is questionable, at least, whether it is sufficient or presents enough to allow him to urge the particular point. However, without considering this matter of the sufficiency of the brief further, we are of the opinion that the contention aforesaid as to the pleadings is not well founded. Not enough appears therefrom to show the superiority of appellant's claim or to entitle him to any relief here, and the lower court, as one of the facts, expressly found appellant's claim to be subordinate to the claims of the parties to whom relief was awarded. This finding was not repugnant to any of the facts admitted by the pleadings.

It follows that the judgment must be affirmed.

Dunbar, Anders and Gordon, JJ., concur.

Hoyt, C. J., not sitting.