[No. 1926.  Decided December 10, 1895.]

THE CITY OF BALLARD, *Respondent*, v. JOHN KEANE *et al.*, *Appellants*.

<div style="float:right">13  201<br>33  619</div>

APPEAL — EXCEPTIONS TO FINDINGS — MUNICIPAL CORPORATIONS — CHANGING COMPENSATION OF OFFICERS.

A general exception to all the findings of fact made by the trial court is not sufficient, under the appeal act of 1893, to raise any questions as to particular findings of fact.

The provision of the state constitution (art. 11, § 8), prohibiting the increase or diminution of salary of an officer during his term of office, applies to the treasurer of a city of the third class.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.  Affirmed.

*Thompson, Edsen & Humphries*, for appellants.

*Winsor, Bush & Morris*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the city of Ballard, a municipal corporation of the third class, against the respondents, Keane, as treasurer of the city of Ballard, and his bondsmen.  The case was tried by the court and judgment rendered for $418.42.

Upon the conclusion of the trial the court announced its findings of fact and conclusions of law.  The only exception taken to either the findings of fact or conclusions of law was as follows:  "Come now the defendants by their attorneys, at the signing hereof, and except to the findings of fact and conclusions of law now signed by the court."  Repondent moves to affirm the judgment of the superior court for the reason that there was no specific exception taken to the findings of fact and conclusions of law in the court below by the appellants.

The appellants in their reply brief make a somewhat lengthy argument in opposition to this motion; but we decided in *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440), that where an action has been tried by a court without a jury, and findings of fact made by the court, the party aggrieved must except to the findings under the laws of 1893, pp. 112 and 130, in order to raise any questions thereon upon appeal; and by an unbroken line of decisions since, that a general exception to all the findings, such as was made in this case, is not such an exception as will call to the attention of the court the particular findings excepted to. So much has been said on this subject that we do not feel justified in again entering into a discussion of the merits of this motion, but hold that the exception is not sufficient.

All that is left to the appellants is the question whether the judgment is justified under the pleadings, and whether the findings of fact justify the conclusions of law announced. In this case there is no question raised upon the pleadings, and if the facts stated by the court be true,— and in the absence of proper exception we will consider them as true,— the conclusion reached by the court, that the plaintiff is entitled to a judgment for the sum of $418.42, is amply justified.

As to the question of whether the city treasurer was an officer who would fall under the prohibition of the constitution, § 8, art. 11, in reference to the increase or diminution of his salary during his term of office, which is a question of law, we think it is too plain for discussion that the treasurer in this case was such an officer.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.