[No. 2761. Decided October 27, 1897.]

WASHINGTON LIQUOR COMPANY, *Respondent*, v. NORTH-
WEST LIVE STOCK COMPANY, *Appellant*.

APPEAL — SUFFICIENCY OF GENERAL EXCEPTIONS.

The supreme court will not review the evidence in a case upon
a general exception to all the findings of fact by the lower court,
unless it appears that all the findings of fact are manifestly
erroneous.

Appeal from Superior Court, Spokane County.—Hon.
L. H. PRATHER, Judge. Affirmed.

*Pierce & Baldwin*, for appellant.

*S. G. Allen*, and *Porterfield & Rockwell*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the respondent
against Joseph Neumann and S. Summerfield, partners do-
ing business under the firm name of Neumann and Com-
pany, the Northwest Live Stock Company, the appellant
here, and the sheriff of Spokane county. The action was
to foreclose a chattel mortgage made by Neumann and
Summerfield to the respondents; and the appellant, the
Live Stock Company, and the sheriff were made co-defend-
ants because the Live Stock Company was a judgment and
execution creditor of Neumann and Summerfield, and the
sheriff had seized and had possession of, under the execu-
tion, the stock of goods described in the chattel mortgage.
The defendants Neumann and Summerfield did not appear
in the action. The appellant and the sheriff answered, al-
leging that the chattel mortgage was made by Neumann
and Summerfield without consideration, for the purpose of
defrauding their judgment creditor, the Live Stock Com-

pany, and prayed that the chattel mortgage be adjudged fraudulent and void as to appellant.

The plaintiff replied denying generally the new matter set up in the answer. Upon a trial upon the merits the court below made the following findings of fact:

" 1. That note and mortgage sued on in this cause was duly and regularly executed on February 1, 1897, and said mortgage was filed and recorded as provided by law;

" 2. That said mortgage was given in good faith for a valuable consideration and no fraud appearing in said transaction and is a prior and existing lien upon the property herein named;

" 3. That said mortgagee had cause to fear his security would become impaired or lost unless foreclosure proceedings were begun, as said property had already been levied upon by the sheriff of Spokane county and advertised to be sold;

" 4. That the plaintiff is the lawful owner and holder of said note and mortgage;

" 5. That the sum of $1500 as principal and $32 as interest and the further sum of $100 as attorney's fees, as provided by said mortgage, amounting to the sum of $1,632 are now due and payable;"

whereupon the court made and entered a judgment and decree of foreclosure in favor of the respondent and against the appellant.

The burden of appellant's complaint is that the court erred in finding that the mortgage was given in good faith for a valuable consideration, and that no fraud appeared in the making, execution and delivery of the mortgage; and the court is asked to review the testimony offered at the trial as evidence of the correctness of this claim. It is urged, however, by the respondent that no proper exception was taken to the findings of fact. The record shows that the exception made was to this effect, to all of which the defendant, the Northwest Live Stock Company, excepted. We have

so often held that an exception of this general nature is not a proper exception unless it appears that all the findings of fact are erroneous that it is not necessary to discuss that proposition again. It is evident in this case that there could be no objections found, at least to the first, third, fourth and fifth findings of fact. The only thing, then, for this court to determine is, are the conclusions of law justified by the findings of fact. There is no contention that they are not, and if there was, it could not be maintained, for they naturally and irresistibly flow from the findings of fact.

The judgment will be affirmed.

Scott, C. J., and Anders, Gordon and Reavis, JJ., concur.