[No. 4798.  Decided December 29, 1903.]

HENRY M. PETERS, *Appellant,* v. SWAN LEWIS, *et al.,*
*Respondents.*[1]

APPEAL—REVIEW—EXCEPTIONS—SUFFICIENCY.  Under one gen-
eral exception to "each and all" of several findings separately
stated and numbered, the court will not review the evidence, since
that is equivalent to no exception.

SAME.  Under a general exception findings will not be reviewed
unless it appears that all are erroneous.

SAME—STATEMENT OF FACTS.  If there are no sufficient excep-
tions to findings, the statement of facts will be struck out.

ADJOINING LAND OWNERS—SURFACE WATERS—DRAINAGE—DAM-
AGES FROM FLOW—PLEADING—COUNTERCLAIM FOR REMOVING LAT-
ERAL SUPPORT—SUFFICIENCY.  In an action between adjoining
land owners brought to enjoin the flow of surface waters and
drainage collected on the defendant's premises, a counterclaim
alleging that plaintiff had removed the defendant's lateral sup-
port, causing a slide and damage to buildings, and destroyed the
natural surface of the ground, causing damage in the sum of
$1,000, is not demurrable for failure to state a ground for recov-
ery, and the same is connected with the subject-matter of the
action stated in the complaint, and is proper matter for counter-
claim under Bal. Code, §§ 4913, 4913a.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered May 19, 1903, upon findings of
the court and an advisory verdict of a jury rendered in
favor of the defendants, dismissing an action to enjoin the
flow of drainage, and awarding the defendants $100 dam-
ages upon a counterclaim for the removal of lateral sup-
port.  Affirmed.

*H. E. Foster,* for appellant.  To the point that the
counterclaim failed to state sufficient facts for the reason
that the right to lateral support extends only to the land
in its natural state, and that plaintiff was not liable for

[1]Reported in 74 Pac. 815.

injury to the buildings where the excavation was not negligently done, counsel cited: *Gilmore v. Driscoll*, 122 Mass. 199; *Charles v. Rankin*, 22 Mo. 566; *Baltimore etc. R. Co. v. Reaney*, 42 Md. 117; *Rockwood v. Wilson*, 65 Mass. 221; *Thurston v. Hancock*, 12 Mass. 220; *Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443. It is necessary to allege that the buildings did not contribute to the subsidence of the ground. *Smith v. Seattle*, 18 Wash. 484, 51 Pac. 1057, 63 Am. St. 910.

*Ira Bronson*, for respondent.

HADLEY, J.—This cause was once before in this court on appeal. *Peters v. Lewis*, 28 Wash. 366, 68 Pac. 869. The complaint alleged damages by reason of drainage from the defendants' adjoining premises. Relief by way of injunction was sought against a continuance of the drainage, and also recovery for accrued damage. A demurrer to the complaint was sustained by the trial court, and this court directed that it be overruled on the ground that the allegations were broad enough to include drainage of a collected and sewage character.

Upon the return of the cause to the superior court, the demurrer was overruled; and the defendants thereupon answered the complaint, denying its material allegations, setting up affirmatively matter in the nature of a counterclaim—damages to the defendants by plaintiff—and asking recovery from plaintiff. Issue was joined upon the answer, and a trial was had. A jury was impaneled to assist the court in passing upon the facts. Each of the parties requested the jury to make certain special findings. Special findings were made and returned, and the court adopted them in making its own findings. These were to the effect that the waters upon defendants' premises had not been collected in such a manner that the flow therefrom

was a damage to plaintiff's property. It was also found that the plaintiff had removed the natural support of defendants' land, and, without sufficiently supporting it by artificial means, had caused it to slide or run away, to the damage of defendants in the sum of $100. Judgment was entered that plaintiff shall take nothing, and that the defendants shall recover from plaintiff $100 and costs. Plaintiff has appealed.

Respondents move to strike the statement of facts on the ground that no sufficient exceptions were taken to the findings of facts. The findings, as made by the court, are separately stated and numbered from 1 to 5 inclusive. One general exception was taken to all the findings, as follows: "The plaintiff hereby excepts to each and all of the conclusions of law and findings of fact made and entered by the court on May 19, 1903." It has been often held by this court that such exceptions are too general to constitute the exceptions required by law. When the court makes findings, and these are separately stated, numbered, and entered, specific exceptions thereto must be taken in order that the court may know what ones are claimed to be erroneous, and upon what particular points it is desired that the evidence shall be reviewed. *Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636; *Cook v. Tibbals,* 12 Wash. 207, 40 Pac. 935; *Fremont Milling Co. v. Denny,* 12 Wash. 251, 40 Pac. 1062; *Ballard v. Keane,* 13 Wash. 201, 43 Pac. 27. Such general exceptions are, therefore, the equivalent of no exceptions. When no exceptions have been taken to the findings as entered by the court, the evidence will not be reviewed on appeal. *Montesano v. Blair,* 12 Wash. 188, 40 Pac. 731; *Stoddard v. Seattle Nat. Bank.,* 12 Wash. 658, 40 Pac. 730.

Some of the findings, at least, were correct, since they relate to the ownership by the parties of the respective ad-

joining lots. There appears to have been no controversy over these matters. Under a general exception, this court will not review the findings unless it appears that they are all erroneous. *Washington Liquor Co. v. Northwest Livestock Co.,* 18 Wash. 71, 50 Pac. 569; *Payette v. Willis,* 23 Wash. 299, 63 Pac. 254. . There being no sufficient exceptions to the findings, they will not be reviewed here, and the motion to strike the statement of facts is granted.

It is, however, assigned that the court erred in overruling the appellant's demurrer to the first affirmative defense, and also to the counterclaim. The first affirmative defense in effect simply alleges that, if appellant was damaged, it was by reason of his own neglect, and not by any acts of respondent. It was not error to overrule the demurrer to this part of the answer.

The allegations of the cross-complaint or counterclaim were, in substance, that, after the defendants had erected valuable dwelling houses upon their lot, the plaintiff caused to be excavated and removed, the earth up to and abutting the line of said lot; that he removed the support of said lot to a depth of about ten feet, and thereby left the premises of the defendants without their natural lateral support, which caused defendants' land to slide, the foundations of their houses became weakened, and destroyed the natural surface of the ground on their premises; that the plaintiff neglected to maintain and keep in repair a bulkhead, which he had erected upon his adjoining premises; and, by reason thereof, the defendants' land slid, and caused the damage aforesaid. The damages were laid in the cross-complaint at $1,000, and recovery was sought against the plaintiff.

We think the court did not err in overruling the demurrer to this counterclaim. The cause of action stated in the cross-complaint was connected with the subject-matter of the action stated in the complaint, and was, therefore,

properly matter for a counterclaim.  §§ 4913, 4913a,
2 Bal. Code.  The allegations also stated a ground for re-
covery.  *Parke v. Seattle,* 5 Wash. 1, 31 Pac. 310, 32 Pac.
82, 20 L. R. A. 68, 34 Am. St. 839.

The conclusions of law and judgment followed from the
findings of facts, and since, as we have seen, the findings
are not reviewable here, the judgment must stand, in the
absence of other reviewable and reversible error.  Such
does not appear, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR, and ANDERS,
JJ., concur.