[No. 5445. Decided March 13, 1905.]

*In the Matter of the Adoption of* ALICE B. CLIFFCRD, *an Infant.*

PETER A. CLIFFORD, *Petitioner and Appellant,* v.
HERBERT O. WILLIAMS *et al., Respondents.*

APPEAL AND ERROR—EXCEPTIONS—REVIEW OF FINDINGS. Where no exceptions are taken to findings, the only question bef)re the appellate court is the sufficiency of the findings to supp)rt the order.

1Reported in 79 Pac. 1001.

JUDGMENTS—RES ADJUDICATA—VALIDITY OF DECREE OF ADOPTION —DETERMINED IN HABEAS CORPUS PROCEEDINGS BETWEEN SAME PARTIES—COLLATERAL ATTACK. The validity of a decree of adoption, litigated and determined in a habeas corpus proceeding, is *res adjudicata*, in a subsequent proceeding between the same parties to vacate the decree of adoption, and it is immaterial that the decree was only collaterally attacked in the habeas corpus proceedings, where the adverse party waived the form of attack and its validity was determined by a court of competent jurisdiction.

Appeal from a judgment of the superior court for King county, Hatch, J., entered June 23, 1904, after a hearing on the merits before the court without a jury, dismissing a petition to vacate a decree of adoption. Affirmed.

*W. H. White (J. J. Burt,* of counsel), for appellant.

*Sweeney & Steiner,* for respondents.

RUDKIN, J.—On the 20th day of January, 1904, the petitioner sued out a writ of habeas corpus from the superior court of King county, to obtain the custody and control of his minor daughter, Alice B. Clifford. The defendants, Herbert O. Williams and Grace E. Williams, made return to said writ, claiming the right to the custody and control of said minor by virtue of a decree of adoption, theretofore entered in the superior court of said county, and for other reasons not material to be stated here. At the hearing had on the writ and the return thereto, the court dissolved the writ, and awarded the care and custody of said minor to the defendants above named. On the 8th day of January, 1904, the petitioner filed in the superior court of said county his petition, praying that the order or decree of adoption, theretofore entered in said court on the 12th day of November, 1903, whereby the said minor was adopted by the defendants herein, be

vacated and set aside.   The defendants filed thei: answer to said petition to vacate, and, upon the hearing h; d thereon, the court made the following finding:

"That on or about the 20th day of January, 1)04, the petitioner, Peter A. Clifford, filed in the superior court of the State of Washington, for King County, in the cause No. 41727 entitled 'Peter A. Clifford, petitioner, vs. Herbert O. Williams and Grace E. Williams his wife, 'espondents,' a petition praying for habeas corpus for the purpose of bringing the body of Alice B. Clifford before the court to abide such order as the court might direct.   'That all the issues raised in the petition to set aside the decree of adoption now under consideration, were raised in said petition for a writ of habeas corpus; that to said petition for a writ of habeas corpus respondents made a full and complete return, and that upon said petition and return and the issues thereby raised, a full and complete hearing was had in said superior court on the 20th day of January, 1904; that all the matters and things including the validity of said decree of adoption, were raised and fully presented to the court in said cause No. 41727, and by said court, passed on and adjudicated; that the parties before the court in said cause No. 41727 were identical with the parties now before the court; that no new facts have since arisen, and that the issues now before the court are in consequence of said proceedings in cause No. 41727 *res adjudicata.*"

And the petition was accordingly dismissed.   F·om the order of dismissal, this appeal is taken.   No exception was taken to the above finding, and, therefore, the on y question before this court is the sufficiency of said fir ding to support the order appealed from.   *Montesano v. Blair,* 12 Wash. 188, 40 Pac. 731; *Fremont Milling Co. v. Denny,* 12 Wash. 251, 40 Pac. 1062; and numerous oth;r cases in this court.   If the validity of this decree, or crder of adoption, was directly in issue in another proceeding, be-

tween the same parties, in a court of competent jurisdiction, and the validity of such order or decree was there adjudicated and determined, it would seem to require no argument to show that such adjudication was binding upon the parties to this proceeding, and that the judgment of dismissal was properly entered.

"It is a fundamental and unquestioned rule that a former judgment, when used as evidence in a second action between the same parties or their privies, is conclusive upon every question of fact which was directly involved within the issues made in such former action, and which is shown to have been actually litigated and determined therein." Black, Judgments (2d ed.), § 609.

"There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision." Freeman, Judgments (4th ed.), § 249.

"The principle is recognized and supported in most of the American cases, that a decision upon any material point is conclusive, though the subject-matter of the two suits is different." Id., § 253.

"By the rules of the civil as well as of the common law, 'res judicata is not changed by a change in the form of action.' It is not material that the form of action be the same, if the merits were tried in the first." Id., § 255.

"The principle of res judicata is also applicable to proceedings on habeas corpus, so far at least as they involve an inquiry into and a determination of the rights of conflicting claimants to the custody of minor children. The decision on a former writ is conclusive in a subsequent application, unless some new fact has occurred which has altered the state of the case or the relative claims of the

parents or other contestants to the custody of the child in some material respect. The principles of publi policy requiring the application of the doctrines of est ppel to judicial proceedings, in order to secure the repos e of society, are as imperatively demanded in the cases of private individuals contesting private rights under the 'orm of proceedings in *habeas corpus* as if the litigation w ere conducted in any other form. Otherwise, as is we l stated in the opinion of Senator Paige, 'such unhappy controversies as these may endure until the entire imj overishment or death of the parties renders their further continuance impracticable. If a final adjudication upon habeas corpus is not to be deemed *res adjudicata,* the cons equence will be lamentable. This favored writ will becom an engine of oppression, instead of a writ of liberty.'" Id., § 324.

It is no answer to say that the decree or order of adoption was attacked collaterally in the habeas cor us proceedings. Parties are estopped to take inconsis tent or contradictory positions in courts of justice. B ack on Judgments (2d ed.), § 632. The rule that a judgm nt cannot be attacked in a collateral proceeding is a rule of policy and convenience. The parties for whose benefit the rule exists may waive it. If a judgment is attacked in a collateral proceeding, and the adverse party waives the form of attack, and the issues are determin d by a court of competent jurisdiction, such determin tion is binding and conclusive upon the parties, unless s t aside in some manner authorized by law. Neither par ty will thereafter be heard to say that the second judgment is not binding, because it was brought about by a collat ral attack upon the first. The conclusion at which v e have arrived renders it unnecessary that we should go further into the history of this unhappy family. The re ord in this case demonstrates the wisdom of the rule we have been discussing.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, and HADLEY, JJ., concur.

ROOT and CROW, JJ., took no part.