[No. 5861. Decided November 22, 1905.]

F. O. HORRELL, *Respondent*, v. THE CALIFORNIA, OREGON & WASHINGTON HOMEBUILDERS' ASSOCIATION, *Appellant*.[1]

APPEAL—JURISDICTION—AMOUNT IN CONTROVERSY—EQUITABLE ACTION. The supreme court has jurisdiction of an appeal from a judgment in an equitable action to cancel fraudulent certificates of a building and loan association, and to recover the money paid thereon, regardless of the amount in controversy.

SAME—BONDS—SUPERSEDEAS—DECREE ANNULING CONTRACTS AND AWARDING MONEY JUDGMENT. Upon appeal from a judgment in an equitable case cancelling certain certificates and awarding a personal judgment for $82.50, an appeal bond in double the money judgment and $200 additional is sufficient, although the trial court assumed to fix the supersedeas on appeal in the sum of $750; since the money judgment is the only part of the judgment that can be stayed, the other part being self-executing.

1Reported in 82 Pac. 889.

SAME—NOTICE—SUFFICIENCY. A notice of appeal sufficiently describes the judgment as the final judgment in the cause without referring to its date, where it was the only judgment in the cause to which the notice could apply.

SAME—REVIEW—EXCEPTIONS—SUFFICIENCY—STRIKING STATEMENT. One general exception to the findings of fact is insufficient to authorize a review of the testimony, and is ground for striking the statement of facts.

CORPORATIONS—FOREIGN BUILDING AND LOAN ASSOCIATION—FAILURE TO COMPLY WITH STATUTE—EFFECT ON CONTRACTS. Contracts made by a foreign building and loan association without complying with certain statutory requirements whereby it is authorized to transact business in this state, are not void, where the law prescribes a penalty for so doing without declaring that the contracts made shall be void.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 4, 1905, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action to cancel contracts of a foreign building and loan association, and recover payments made thereon. Reversed.

*F. R. Burch* and *Harold Preston*, for appellant, contended, *inter alia*, that contracts made by a foreign corporation without complying with the laws of the state are not void unless expressly declared to be so. *Dearborn Foundry Co. v. Augustine*, 5 Wash. 67, 31 Pac. 327; *La France Fire Engine Co. v. Mt. Vernon*, 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827; *Vermont Loan etc. Co. v. Hoffman*, 5 Idaho 376, 49 Pac. 314, 95 Am. St. 186, 37 L. R. A. 509; *Fritts v. Palmer*, 132 U. S. 282, 10 Sup. Ct. 93, 33 L. Ed. 317; *Union Nat. Bank v. Matthews*, 98 U. S. 621, 25 L. Ed. 88; *Union Mut. Life Ins. Co. v. McMillen*, 24 Ohio St. 67; *Columbus Ins. Co. v. Walsh*, 18 Mo. 229; *Clark v. Columbus Ins. Co.*, 19 Mo. 54; *American etc. Loan Ass'n v. Rainbolt*, 48. Neb. 434, 67 N. W. 493; *Garratt Ford Co. v. Vermont Mfg. Co.*, 20 R. I. 187, 37 Atl. 948, 78 Am. St. 852, 38 L. R. A. 545; *National Bank v. Whitney*, 103 U. S. 99, 26 L. Ed. 443; *Swope v. Leffingwell*, 105 U. S. 3, 26 L. Ed.

939; *Wright v. Lee,* 2 S. D. 596, 51 N. W. 706; *Wright v. Lee,* 4 S. D. 237, 55 N. W. 931; *Eastern etc. Loan Ass'n v. Snyder,* 98 Va. 710, 37 S. E. 298. Where there is a penalty attached for a foreign corporation's doing business in a state in contravention of local laws, this penalty is exclusive. *Toledo etc. Lum. Co. v. Thomas,* 33 W. Va. 566, 11 S. E. 37, 25 Am. St. 925; *State Mut. Fire Ins. Ass'n v. Brinkley Stone etc. Co.,* 61 Ark. 1, 31 S. W. 157, 54 Am. St. 191, 29 L. R. A. 712; *Kindel v. Beck etc. Lith. Co.,* 19 Colo. 310, 35 Pac. 538; *Edison General Elec. Co. v. Canadian Pac. Nav. Co.,* 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315; *Rochford Ins. Co. v. Rogers,* 9 Colo. App. 121, 47 Pac. 848.

*F. C. Kapp,* for respondent, to the point that the contract was void, cited: *McCanna etc. Co. v. Citizens' Trust etc. Co.,* 74 Fed. 597; *Diamond Glue Co. v. United States Glue Co.,* 103 Fed. 838; *Myers Mfg. Co. v. Wetzel* (Tenn.), 35 S. W. 896; *United States Rubber Co. v. Butler Bros. Shoe Co.,* 132 Fed. 398; Clark & Marshall, Private Corporations, pp. 2715-2724; 6 Cyc. 123, 124; *National Inv. Co. v. National Sav. etc. Ass'n,* 49 Minn. 517, 52 N. W. 138; *Anderson v. Cleburne etc. Loan Ass'n* (Tex. App.), 16 S. W. 298; *Denson v. Chattanooga etc. Loan Ass'n,* 107 Fed. 777; *Illinois etc. Loan Ass'n v. Walker* (Tenn.), 42 S. W. 191; *Miller v. Ammon,* 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759; *Henni v. Fidelity etc. Loan Ass'n,* 61 Neb. 744, 86 N. W. 475, 87 Am. St. 519.

RUDKIN, J.—On or about the 1st day of July, 1902, the plaintiff was the owner of three contracts in the Western Home Building Association, a corporation organized and existing under the laws of this state, by the terms of which he agreed to pay said association the sum of $2.50 per month on each contract. The general plan on which the business of the association was conducted is not material on this appeal. On the above date the plaintiff entered into an agreement with the defendant herein, whereby the plaintiff ac-

cepted three contracts in the defendant association, of like character, in lieu of the three contracts in the former association, and was given credit on said new contracts for the sum of $52.50 paid on the old contracts in the former association. The plaintiff paid the transfer fee and the monthly installments on the new contracts for the months of July, August, September, and October, 1902, amounting in all to the sum of $36, but no further installments were paid. On or about the 21st day of October, 1903, the defendant notified the plaintiff, that the three last mentioned contracts still stood in his name, and that he was the owner thereof; that there were back dues for thirteen months unpaid thereon; that the original contracts could not be found; and that if the plaintiff desired to pay such back dues copies of the original contracts would be forwarded to him.

In addition to the foregoing facts, the amended complaint alleged that the defendant falsely and fraudulently represented to the plaintiff that the said Western Home Building Association was insolvent, and would not be able to mature plaintiff's said contracts; that the defendant was perfectly solvent and would be able to mature the same; that the defendant was duly authorized to do business in the state of Washington, and that the plaintiff would be protected by the laws thereof; that the falsity of said representations were known to the defendant and unknown to the plaintiff; and that the defendant never intended to perform said contracts, but induced the plaintiff to make such exchange for the purpose of defrauding him and depriving him of his rights and property by means of a transfer of said contracts to a foreign corporation which had not, and could not, comply with the laws of this state. The prayer of the amended complaint was for a decree cancelling and annulling said contracts, and for the recovery of the $88.50 paid thereon.

The court below found, among other things, that the defendant was a corporation organized and existing under the laws of the state of California, with power to do a saving and

loan and investment business on the building society plan, and that said corporation had not complied with the laws of this state relating to foreign building and loan associations, but the court found against the plaintiff on the questions of fraud as above set forth. As a conclusion of law, the court found that the three contracts were null and void and of no force or effect. On these findings a decree was entered, declaring the contracts null and void, and awarding the plaintiff a personal judgment against the defendant in the sum of $82.50, being the aggregate of the several amounts paid thereon. The defendant thereafter gave notice of appeal to this court, and filed a bond conditioned both as a cost and supersedeas bond in the sum of $750.

The respondent moves to dismiss the appeal on three grounds: (1) Because the amount in controversy is less than $200; (2) because no sufficient appeal bond was given or filed; and (3) because the notice of appeal is defective and insufficient. The constitutional provision limiting the appellate jurisdiction of this court to civil actions at law for the recovery of money, where the original amount in controversy exceeds $200, has no application to causes of equitable cognizance, and the jurisdictional question is determined from the nature of the action, as disclosed by the pleadings, and not from the form or amount of the judgment. This action was brought to cancel certain contracts executed without authority and procured by fraud. Such an action is of equitable cognizance, and within the appellate jurisdiction of this court regardless of the form of the judgment or the amount in controversy.

In support of the second ground, it is contended that the court below fixed the amount of the supersedeas bond in the sum of $750, and that a bond in that sum conditioned as both a cost and supersedeas bond is insufficient. While the decree annulled certain contracts, in addition to the award of a personal judgment, yet that portion of the decree annulling the contracts was self-executing, and could not be super-

seded. The only part of the judgment that could be super-seded or stayed was the personal judgment in the sum of $82.50, and the cost of suit. The law fixes the amount of the supersedeas bond in such cases, and an order of court fixing a bond in a different amount is nugatory. Inasmuch as the bond given was double the amount of the judgment and costs and $200 additional, it was sufficient under the statute.

The third ground of the motion is that the judgment appealed from is not sufficiently described in the notice of appeal. The notice described the judgment as "The final judgment rendered and entered in the above entitled cause." It is customary to describe the judgment by reference to the date of its entry, but this court has held that a mistake in the date does not vitiate the notice. It is not claimed that the description in the notice could apply to more than one judgment or that the respondent was misled thereby. The notice of appeal was therefore sufficient. The motion to dismiss is denied.

The respondent further moves to strike the statement of facts for the reason that no sufficient exceptions were taken to the findings of facts. The only exception taken was in these words: "To the making of the foregoing findings of fact the defendant excepts and an exception is hereby allowed." That such an exception is insufficient to authorize a review of the testimony has often been decided by this court. *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815, and cases cited. The motion to strike is therefore granted.

The only remaining question is, do the findings of fact sustain the judgment? As heretofore stated, the conclusion that the contracts were null and void is based solely upon the fact that the appellant is a foreign corporation authorized to do a saving and loan and investment business on the building society plan, and has not complied with the laws of this state relating to foreign building and loan associations. The legal status of contracts entered into by foreign corporations,

without first complying with the laws of the state in which the contract is made, has been the subject of much controversy. In *Dearborn Foundry Co. v. Augustine,* 5 Wash. 67, 31 Pac. 327, this court held that the failure of a foreign corporation to comply with the requirements of the laws of this state regulating foreign corporations, does not invalidate contracts entered into without such compliance. This case was followed in *La France Fire Engine Co. v. Mt. Vernon,* 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827, the court saying:

"It is a general proposition, sustained by the weight of authority, that where a statute imposes a penalty for failure to comply with statutory requirements, the penalty so provided is exclusive of any other; at least, no other penalty will be implied. See Morawetz on Private Corporations, Sec. 665, and cases cited. Our statute does not provide that the contracts made by foreign corporations which do not comply with the provisions of the statute shall be void, but fixes a special penalty for such a violation, and in the absence of a special declaration that such contracts shall be void, especially where a penalty is attached for the violation, the party contracting with such corporation will be estopped from pleading the want of compliance with the statute by the foreign corporation. This rule was announced by this court, after a pretty thorough investigation of the subject, in *Dearborn Foundry Co. v. Augustine,* 5 Wash. 67 (31 Pac. 327), and as we are satisfied with the rule announced in that case we will follow it in this."

These decisions have been followed in other cases and must now be considered the settled law of this state, so far as the statutes then under consideration are concerned. Is there any substantial difference between the act regulating foreign corporations in general, and the act regulating foreign building and loan associations? Bal. Code, § 4291, provides that foreign corporations, incorporated for any purpose for which domestic corporations may be formed under the laws of this state, may sue and be sued, acquire and hold property, trans-

act businses, etc., by a compliance with the succeeding sections of the statute. Section 4298, provides that, "Any agent of any foreign corporation, conducting or carrying on business within the limits of this state, for and in the name of such corporation, contrary to any of the provisions of this chapter, shall be deemed guilty of a misdemeanor," etc. Bal. Code, § 4403, provides that, "Every building and loan association organized under the laws of any other state, territory, or nation shall, before commencing to do business in this state," comply with certain requirements therein specified. Section 4417, provides that,

"Any officer, director, or agent, of any foreign building and loan association, or any other person whomsoever who shall, in this state, solicit subscriptions to the stock of such association, or who shall sell or issue, or knowingly cause to be sold or issued, to a resident of this state any stock of such association while such association shall not have had the certificate of the state auditor · authorizing it to do business in this state, as herein prescribed, or has not deposited, as required by this chapter, securities of the value and at the times herein prescribed, or before said association has complied with all the provisions of this chapter, or when said association shall have been notified and required to discontinue business in this state, as hereinbefore provided, shall be guilty of a misdemeanor," etc.

It will thus be seen that each statute imposes a penalty for transacting business within the state without first complying with the provisions thereof, and neither statute declares that contracts entered into without such compliance shall be void. It would serve no useful purpose to review the decisions in other jurisdictions as they are based on a difference in the language of the statutes under consideration, or on a difference of opinion as to the policy which is supposed to underlie such statutes, and not upon any distinction between building and loan associations and other corporations. We are therefore of opinion that the contracts in suit were not void by reason of any of the facts set forth in the findings

of the court, and that the findings do not support the judgment.

The judgment must therefore be reversed, with directions to dismiss the action, and it is so ordered.

MOUNT, C. J., DUNBAR, CROW, FULLERTON, HADLEY, and ROOT, JJ., concur.