[No. 7961.   Department One.   July 12, 1909.]

H. S. FENDER, *Respondent*, v. S. D. McDONALD *et al.*,
*Appellants.*[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS—NECESSITY.   A
judgment must be affirmed where the findings are not excepted to,
if they are sufficient to sustain the judgment.

SAME—EXCEPTIONS TO FINDINGS—SUFFICIENCY.   An exception to
an order denying a motion for a new trial cannot be deemed an ex-
ception to findings of fact, within the meaning of Bal. Code, § 5052.

SAME.   One general exception to findings of fact is not available
for any purpose.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered January 12, 1909, upon
findings in favor of the plaintiff, after a trial before the
court without a jury, in consolidated actions to set aside
fraudulent conveyances.   Affirmed.

. *Rader & Barker*, for appellants.

*T. P. & C. C. Gose*, for respondent.

RUDKIN, C. J.—On the 5th day of December, 1907, the
plaintiff in these consolidated actions recovered judgment
against S. D. McDonald in the sum of $1,451.89, and $13.45
costs of suit.   An execution issued upon the judgment was re-
turned *nulla bona,* and the present actions were thereupon
instituted to set aside certain conveyances theretofore made
by the defendant S. D. McDonald to his codefendants, and
to subject the property thus conveyed to the satisfaction of
the plaintiff's judgment, on the ground that such convey-
ances were made without consideration, and for the purpose
of placing the property conveyed beyond the reach of the
plaintiff and other creditors of the grantor.   On the 12th
day of January, 1909, a decree was entered in the consoli-

[1]Reported in 102 Pac. 1026.

dated actions according to the prayer of the complaints, the decree reciting:

"That on the 5th day of November, 1906, the defendant S. D. McDonald, being the owner in fee of the hereinafter described lands situate in this county, and being then indebted to the plaintiff, his assignor hereinafter mentioned and divers other persons, for the purpose of placing said lands beyond the reach of said plaintiff and said other creditors and of preventing him and them from collecting the said indebtedness and circumventing, cheating and defrauding him and them thereof, conveyed that certain portion thereof consisting of the southwest quarter of section 14 of township 10 north of range 36, east of the Willamette meridian, for the purported and pretended consideration of $4,000, to the defendant Laura B. Washburn, then and until after the commencement of these actions known by her maiden name of Laura B. McDonald, and in her said maiden name; that, on the same day and with the like purpose, the said defendant, S. D. McDonald conveyed that certain other portion of his said lands consisting of the south half of the southeast quarter, the northeast quarter of the southeast quarter and the south half of the northwest quarter of the southeast quarter of said section, township and range, for the purported and pretended consideration of $5,000, to the defendant Mary E. McDonald; that each of said conveyances was accepted by said defendants Laura B. Washburn, then Laura B. McDonald, and Mary E. McDonald respectively, with full knowledge of the aforesaid purpose and in order to aid the said defendant S. D. McDonald to accomplish the same, and with the secret understanding between them that the title of said lands should be held by them, as such grantees, respectively, in trust to the use of the said defendant S. D. McDonald; that after said conveyance was so made to said defendant Laura B. McDonald, now Laura B. Washburn, she borrowed of Baker & Baker the sum of $1,625, securing said loan by a mortgage on said portion of said lands so conveyed to her, and paid said sum to creditors of said defendant S. D. McDonald at his request; that if any further consideration were given by either of said grantee defendants for said conveyances, the same, including said sum so borrowed, did not exceed one-half the amount of the purported and pretended consideration therefor nor one-half the value of said tracts

of land respectively, and, in each case, was grossly inadequate; that after the making of said conveyances as aforesaid and on the 5th day of December, 1907, said plaintiff, by the consideration of this court, in a certain action brought by him against said defendant S. D. McDonald, recovered judgment upon said indebtedness against the said defendant S. D. McDonald for the sum of $1,585.34, including interest, costs and disbursements; that thereafter said plaintiff duly caused an execution to issue upon said judgment, which was placed in the hands of the sheriff of this county and which directed him to levy upon the property not exempt from execution of said S. D. McDonald, as such judgment debtor as aforesaid, and that said sheriff, before the commencement of these actions, duly made return thereon to the effect that said defendant and judgment debtor, S. D. McDonald, has no property subject to execution, and that in fact, he has no such property."

From this decree the present appeal is prosecuted.

The respondent has moved an affirmance of the judgment on the ground that no exceptions were taken or reserved to the findings of fact embodied in the decree. The sufficiency of these findings or recitals to support the judgment is not questioned, and if the findings were not excepted to the judgment must be affirmed. *In re Clifford*, 37 Wash. 460, 79 Pac. 1001, 107 Am. St. 819; *Poor v. Cudihee*, 37 Wash. 609, 79 Pac. 1105; *Hector v. Hector*, 51 Wash. 434, 99 Pac. 13.

The appellants contend that a motion for a new trial was interposed the day following the entry of the decree, and that the exception to the order denying this motion was a sufficient exception to the findings of fact. The exception referred to is in the following language: "To which rulings of the court the defendants duly and severally except." Bal. Code, § 5052 (P. C. § 669), provides that exceptions to the decision of a court or judge upon a cause or part of a cause, either legal or equitable, tried without a jury, may be taken by any party, either by stating to the judge, referee or commissioner when the report or decision is signed, that such party excepts to the same, specifying the part or parts

excepted to (whereupon the judge, referee or commissioner, shall note the exception in the margin or at the foot of the report or decision) ; or by filing like written exceptions within five days after the filing of the report or decision, or, where the report or decision is signed subsequently to the hearing and in the absence of the party excepting, within five days after the service on such party of a copy of such report or decision or of written notice of the filing thereof. We do not think that an exception to an order denying a motion for a new trial can be deemed an exception to findings of fact under this statute, but in any event we have repeatedly held that a general exception such as is found in this record is not available for any purpose. *Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636; *Cook v. Tibbals,* 12 Wash. 207, 40 Pac. 935; *Moyer v. Van de Vanter,* 12 Wash. 377, 41 Pac. 60, 50 Am. St. 900, 29 L. R. A. 670; *Schoonover v. Condon,* 12 Wash. 475, 41 Pac. 195; *Irwin v. Olympia Water Works,* 12 Wash. 112, 40 Pac. 637; *Ballard v. Keane,* 13 Wash. 201, 43 Pac. 27; *Payette v. Willis,* 23 Wash. 299, 63 Pac. 254; *Smith v. Glenn,* 40 Wash. 262, 82 Pac. 605; *Horrell v. California etc. Ass'n.,* 40 Wash. 531, 82 Pac. 889; *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815; *Bringgold v. Bringgold,* 40 Wash. 121, 82 Pac. 179.

The judgment of the court below is therefore affirmed.

FULLERTON, GOSE, CHADWICK, and MORRIS, JJ., concur.