[No. 8220.  Department Two.  March 25, 1910.]

SNOHOMISH RIVER BOOM COMPANY, *Respondent*, v. GREAT NORTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS—EXCEPTIONS.  One general exception to specific findings of fact and conclusion is not sufficient to secure a review of the evidence.

CONTRACTS—CONSIDERATION—FORBEARANCE.  Forbearance of a threatened suit to enjoin certain work, is a sufficient consideration for a promise to pay all damages resulting from the work, where the claim was disputed and doubtful, although there was no liability for the damages.

APPEAL—REVIEW—PLEADINGS—WAIVER OF ERROR.  Where issues were made up without demurrer to the complaint, and the facts proved warranted the findings, a demurrer *ore tenus* at the trial is unavailing to secure a reversal for insufficiency of the complaint.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered February 13, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for damages. Affirmed.

*F. V. Brown* and *Frederic G. Dorety*, for appellant.

*Cooley & Horan*, for respondent.

MOUNT, J.—The respondent brought this action to recover the sum of $1,987.97, as compensation for expenses incurred in handling logs and reconstructing a logging boom, made necessary by the building of a new bridge by the defendant. This bridge was constructed across the plaintiff's boom, and interfered therewith.  The action was tried to the court without a jury, findings of fact were made, and a judgment was entered in favor of the plaintiff for $1,371.75.  The defendant has appealed.

The court made findings which were separately stated and numbered, and were to the effect that the plaintiff was a cor-

[1]Reported in 107 Pac. 848.

poration engaging in catching, booming, and rafting logs in Steamboat slough, one of the channels of the Snohomish river emptying into Puget Sound, in Snohomish county, and a part of the navigable waters of the United States; that the plaintiff has maintained such boom at the point where the defendant's bridge crosses said slough for more than eighteen years, in accordance with plans approved by the secretary of war of the United States and in conformity with its plat as filed with the secretary of state of Washington; that the defendant is a railway corporation doing business in this state; that in December, 1906, the defendant commenced construction of a steel railway bridge across said slough and over and across the plaintiff's boom; that the plans and the location of said bridge were approved by the secretary of war before the construction thereof was begun, and that the bridge was constructed in accordance with the map of location and plans, and that the piers, false work, and piling were provided for and necessary for carrying out of said plans; but that a line of dolphins placed within the limits of said boom of said plaintiff was not provided for in said plans or authorized by the permit issued by the secretary of war. Findings number 5 and 6 are as follows:

"(5) That in the construction of said bridge the above named defendant, without the consent of and against the protest of said plaintiff and without any compensation having first been made or paid into court for said plaintiff, erected and placed in said river and across said boom, false work supporting said bridge, consisting of piles driven in the bed of said stream, which completely closed said boom excepting for a gap about fourteen feet wide left therein, and that for the purpose of deflecting the logs coming down said stream and into said boom through said false work the said defendant drove a line of dolphins above said bridge and laid a line of boom sticks to deflect said logs and timber products coming into said boom through said gap in said false work, and that thereafter and as a part of said bridge the said defendant erected in the bed of said stream at a point about the center

of plaintiff's boom a permanent pier, for the purpose of carrying said bridge.

"(6)    That shortly after the aforesaid work was commenced by said defendant, the plaintiff protested to said defendant and threatened to commence proceedings to enjoin the doing of said work and the construction of said bridge upon account of the injury and damage which it sustained by reason thereof, and that said defendant promised and agreed to pay said plaintiff all damages which it might suffer by reason of the construction of said bridge, including the cost of the additional labor for the sluicing of the logs through said false work, and after the completion of said bridge to remove said false work and the aforesaid dolphins and reconstruct the boom of said plaintiff in as safe and efficient a manner as it was at the time of the commencement of the work upon said bridge."

The findings then recited that the plaintiff, by reason of the said construction of the bridge, was required to employ additional labor, amounting to the sum of $2,425.50, in order to run logs through the said false work; that after the construction of the bridge, the defendant neglected to remove certain false work, and thereby rendered it impracticable for plaintiff to handle logs and timber through the said boom; that the defendant failed and neglected to reconstruct the boom, and that thereafter the plaintiff was required to, and did, reconstruct said boom and remove certain dolphins; that in the reconstruction of the boom, plaintiff expended the sum of $1,566.22, but that the boom as reconstructed was stronger and a better boom than the old one; that the reasonable cost of constructing the new boom as efficient as the old was $950; that the defendant paid to the plaintiff the sum of $2,003.75, being for labor employed by the plaintiff in rafting logs through the false work of said bridge, but failed and neglected to pay the balance thereof, and that the total damage suffered by the plaintiff by reason of the construction of the bridge, after deducting the amount paid by the defendant, was the sum of $1,371.75.    The conclusion of law was to the effect that the plaintiff recover that

sum from the defendant. The exception to these findings was as follows: "To all of which finding and conclusions the defendant by its attorneys duly excepted, and such exception was allowed."

We have frequently held that a general exception of this kind is not sufficient, and the evidence will not be reviewed to determine the correctness of findings not excepted to specifically. *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815; *Smith v. Glenn,* 40 Wash. 262, 82 Pac. 605; *Horrell v. California etc. Ass'n,* 40 Wash. 531, 82 Pac. 889; *Crowe & Co. v. Brandt,* 50 Wash. 499, 97 Pac. 503. In *Peters v. Lewis, supra,* we said:

"It has been often held by this court that such exceptions are too general to constitute the exceptions required by law. When the court makes findings, and these are separately stated, numbered, and entered, specific exceptions thereto must be taken in order that the court may know what ones are claimed to be erroneous, and upon what particular points it is desired that the evidence shall be reviewed. *Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636; *Cook v. Tibbals,* 12 Wash. 207, 40 Pac. 935; *Fremont Milling Co. v. Denny,* 12 Wash. 251, 40 Pac. 1062; *Ballard v. Keane,* 13 Wash. 201, 43 Pac. 27. Such general exceptions are, therefore, the equivalent of no exceptions. When no exceptions have been taken to the findings as entered by the court, the evidence will not be reviewed on appeal. *Montesano v. Blair,* 12 Wash. 188, 40 Pac. 731; *Stoddard v. Seattle Nat. Bank,* 12 Wash. 658, 40 Pac. 730."

The findings in this cause must therefore be taken as correct.

It appears from finding No. 6, above quoted, that the respondent threatened to enjoin the construction of the bridge, and that the appellant promised and agreed to pay the cost of sluicing logs through the false work before completion of the bridge, and after completion thereof, to remove the false work and reconstruct the boom so that it would be as safe and efficient as it was prior to the beginning of work on the bridge. It is argued by the appellant that the obstruction to navigation, even if injurious to the respondent, was

*damnum absque injuria,* by reason of the permission granted by the secretary of war for the construction of the bridge across navigable waters of the United States. It is also argued that, if there was an agreement to pay damages, such agreement was without consideration. We need not consider whether there was any actual legal liability for damage done to the respondent's boom. It is apparent that the respondent claimed a liability, and that the appellant conceded there was some liability, for it actually paid $2,003.75 of the expenses in sluicing logs through the false work. If the claim of the respondent was disputed and doubtful, and suit was threatened, the waiver of the claim or of the right to suit was a sufficient consideration for the contract. *Hutchinson v. Mount Vernon Water & Power Co.,* 49 Wash. 469, 95 Pac. 1023. The contract, having been made in good faith, for sufficient consideration, and acted upon, will therefore be enforced.

It is claimed that the complaint does not state a cause of action. No demurrer was filed to the complaint; but, after the issues were made and the cause came on for trial, an oral general demurrer was interposed and an objection to the introduction of any evidence was made and overruled. Under the rule stated in *Peterson v. Barry,* 50 Wash. 361, 97 Pac. 239, and cases there referred to, these objections cannot avail where, after trial, the facts are sufficient to justify a recovery.

A forcible argument is also made as to the justness of the amount of recovery; but in view of the fact that no specific exceptions were taken to these findings, we are not at liberty to review them.

The judgment must be affirmed, and it is so ordered.

Rudkin, C. J., Parker, Dunbar, and Crow, JJ., concur.