[No. 19194.    Department One.    April 28, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Vincent H. Larish, Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Respondent*.[1]

JUDGMENT (213-1)—CONCLUSIVENESS—CAUSES BARRED—NATURE AND EXTENT OF RELIEF SOUGHT. A complaint in an action seeking an injunction against the removal of a child, and asking for judgment awarding its custody for a period commencing five days after the filing of the complaint, puts in issue the right to the custody during such period, so that determination of that issue therein would be *res adjudicata* thereof.

SAME (189)—CONCLUSIVENESS — JUDGMENTS CONCLUSIVE — JUDGMENT ON DEMURRER. Judgment of dismissal after sustaining a general demurrer to the complaint upon plaintiff's election to stand thereon, is a final adjudication of the merits on the issues tendered by the complaint.

SAME (179)—CONCLUSIVENESS—JUDGMENTS CONCLUSIVE — NATURE OF ACTION—SPECIAL PROCEEDINGS. A judgment on the merits of issues tendered as to the custody of a child is *res adjudicata* and a bar to subsequent habeas corpus proceedings the substance of which was a civil controversy between the same parties for such custody.

BRIDGES, J., dissents.

Certiorari to review a judgment of the superior court for Snohomish county, Bell, J., entered February 21, 1925, dismissing habeas corpus proceedings to secure the custody of a child, upon overruling demurrers to affirmative defenses to the petition. Affirmed.

*Noah Shakespeare* and *Louis A. Merrick*, for relator.

*Colman & Fogarty*, for respondent.

PARKER, J.—The petitioner, Vincent H. Larish, by this certiorari proceeding, seeks review and reversal of a judgment of the superior court for Snohomish county, discharging a writ of habeas corpus and denying to him recovery of the custody of his minor daugh-

[1]Reported in 235 Pac. 353.

ter from her mother, his former wife.  It is conceded that appeal is not an adequate available remedy for the review of that judgment because the period during which Mr. Larish will be entitled to the custody of his child, if entitled to her custody at all, will have expired before an appeal from the judgment of this court would in due course be heard and disposed of.

Responding to the petition filed in the superior court by Mr. Larish, praying for the writ of habeas corpus and the custody of the child, Mrs. Larish set up three affirmative defenses.  Mr. Larish filed general demurrers to each of these affirmative defenses.  All of the demurrers being, by the superior court, overruled, and Mr. Larish electing not to plead further in response to the affirmative defenses, the court rendered final judgment of dismissal upon the facts appearing by his petition and by her affirmative defenses.

The facts appearing in the petition for the writ and the second affirmative defense of the answer of Mrs. Larish, filed in response thereto, which, we think, are controlling of the claimed respective rights of the parties here drawn in question, may be summarized as follows: Mr. and Mrs. Larish were married in 1919. Their only child, a daughter, the subject of this controversy, is now about three and one-half years old.  On September 18, 1924, the district court of the second judicial district of Montana for Silver Bow county awarded to Mrs. Larish a decree of divorce from Mr. Larish, and by the same decree awarded to her the absolute custody and control of their minor child until she arrives at the age of fourteen years; reserving, however, to Mr. Larish the right to visit the child at reasonable times.  On September 24, 1924, Mrs. Larish moved with the child from Montana to Everett, in this state, where they have both resided at all times since then.  On

December 11, 1924, the Montana court, which had granted the decree of divorce and the custody of the child to Mrs. Larish, entered an order modifying its original decree of divorce to the extent of awarding the care and custody of the child to Mr. Larish for the period from January 1st to July 1st, 1925, directing that the child be kept during that period either in Everett, Washington, or Butte, Montana.

On December 26, 1924, Mr. Larish, having come to Everett, in this state, where he has ever since resided, commenced an action in the superior court for Snohomish county seeking an injunction restraining Mrs. Larish from removing the child from that county, and also seeking to be awarded the custody of the child for the period from January 1st to July 1st, 1925, a period which, it will be noticed, commenced five days after the commencement of that action. In his complaint in that action, Mr. Larish pleaded the original decree of divorce and the awarding thereby of the custody of the child to Mrs. Larish on September 18, 1924, and also the order of December 11, 1924, modifying that decree by the awarding to him of the custody of the child during the period from January 1st to July 1st, 1925. He also pleaded some other facts pointing to the possibility of Mrs. Larish removing the child from Snohomish county. He prayed for an injunction against Mrs. Larish preventing the removal of the child from Snohomish county and also for the awarding of the custody of the child to him during the period from January 1st to July 1st, 1925. His prayer for relief as to the custody of the child was rested wholly upon the order of the Montana court of December 11, 1924, modifying the original decree in the divorce action in that court.

Mrs. Larish appeared in that action in the superior court for Snohomish county and demurred generally

to the complaint filed therein upon the ground that it did not state facts sufficient to constitute a cause of action. That demurrer was by the superior court sustained, and Mr. Larish refusing to plead further and electing to stand upon his complaint, judgment of dismissal was finally rendered by the court against him on February 10, 1925. The court evidently so disposed of that action upon the theory that the order of December 11, 1924, of the Montana court, was not a valid and binding adjudication touching the custody of the child in this state.

Thereafter on the same day Mr. Larish filed in the superior court for Snohomish county his petition for a writ of habeas corpus, again seeking recovery of the custody of the child from Mrs. Larish, setting up in substance the same facts and resting his claim for the custody of the child solely upon the order of the Montana court modifying the original decree of divorce rendered by that court, to the extent of awarding the custody of the child to him for the period from January 1st to July 1st, 1925. It is the judgment of the court disposing of the habeas corpus proceeding so commenced which is here sought to be reversed.

It is contended in behalf of Mr. Larish that the issue of the custody of the child for the period from January 1st to July 1st, 1925, was not necessarily or actually presented in the action commenced by him in the superior court for Snohomish county on December 26, 1924. The argument is, in substance, that the primary and only purpose of that action was to obtain an injunction restraining Mrs. Larish from removing the child from Snohomish county until the commencement of the period from January 1st to July 1st, 1925, to the end that he might then by appropriate proceedings in court obtain the custody of the child for that period. We do not so view the allegations and prayer of the

complaint in that action. While he therein alleged facts which may seem to have entitled him to an injunction·restraining Mrs. Larish from removing the child from Snohomish county prior to January 1st, 1925, and while by the allegations of his complaint it also appears that on the very day of the filing of his complaint in that action he was not entitled to the custody of the child, the fact remains that he was careful to allege in that complaint facts which he conceived to be sufficient to entitle him to the custody of the child for the six months beginning January 1st, 1925, a date only five days after the filing of his complaint; and, while praying for the injunction restraining Mrs. Larish from removing the child from Snohomish county prior to January 1st, he also prayed,

"that commencing with the first day of January, 1925, the plaintiff [Mr. Larish] be awarded the care, custody and control of such minor child."

Viewed as an action seeking solely the custody of the child, that action was slightly premature. However, we think it is plain that Mr. Larish did, by that complaint, put in issue and seek to have determined his right to the custody of the child during the six months' period commencing January 1st, 1925. That action was prosecuted and brought to a final determination after the commencement of that period. We think Mr. Larish is not in a position to claim that the question of his right to the custody of the child was not in issue in that action.

Contention is made in behalf of Mr. Larish that the sustaining of Mrs. Larish's demurrer to his complaint in that action, his election not to plead further and the rendering of a final judgment of dismissal against him therein, did not constitute a final adjudication of his then right to the custody of the child. We have seen that the sufficiency of the allegations of his com-

plaint upon which he sought relief were challenged by Mrs. Larish by general demurrer upon the ground that the complaint did not state facts constituting a cause of action. In *State ex rel. Schmidt v. Superior Court,* 62 Wash. 556, 114 Pac. 427, Judge Gose, citing and reviewing a number of authorities, speaking for the court, said:

"Where a demurrer to the merits of the petition is sustained and a judgment is entered in favor of the demurrant, such judgment, unless reversed, is as final and conclusive between the parties as if founded upon the verdict of a jury. The same rule applies where the demurrer contains several grounds, one of which goes to the merits of the case, as presented in the pleading demurred to."

We are of the opinion that the judgment rendered in that action against Mr. Larish became a final adjudication of the issues tendered by his complaint therein, as much so as if a trial upon the merits had been had resulting in a final judgment against him.

Counsel for Mr. Larish make contention seemingly rested upon the theory that, this being a habeas corpus proceeding, the issues determined in the prior action commenced December 26, 1924, are not conclusive as against him, in the sense of preventing him from seeking relief in this form of proceeding. While this is in form a habeas corpus proceeding, it is in substance but a civil action controversy between these parties over the custody of the child, just as the former action commenced December 26, 1924, was such a controversy. In *In re Clifford,* 37 Wash. 460, 79 Pac. 1001, 107 Am. St. 819, Judge Rudkin, speaking for the court, quoted with approval from Freeman, Judgments (4th ed.), § 255, as follows:

" 'By the rules of the civil as well as of the common law, "*res judicata* is not changed by a change in the

form of action." It is not material that the form of action be the same, if the merits were tried in the first.' "

See, also, our later decision in *Hawkins v. Reber,* 81 Wash. 79, 142 Pac. 432. It seems clear to us that Mr. Larish is here but attempting to re-litigate what was litigated and finally determined against him in the action commenced by him in the superior court for Snohomish county on December 26, 1924, to wit, the binding force and effect within this state of the order of the Montana court modifying its original divorce decree and the awarding of the custody of the child to Mr. Larish.

We are not here concerned with the question of whether or not the superior court for Snohomish county erred in refusing to give to that modifying order all the force and effect claimed for it in behalf of Mr. Larish. The judgment in that action was a final adjudication that that modifying order of the divorce decree was not binding upon the courts of this state under the circumstances disclosed. This is not a proceeding in this court to correct whatever error might have been committed by the Snohomish county court in rendering its judgment in that case. It is not claimed that the force or effect of that judgment has been impaired by any subsequent proceeding. We must then treat it as final and conclusive, as the superior court in rendering its judgment in this habeas corpus proceeding has so treated it. It thus becomes unnecessary for us to notice the other affirmative defenses set up by Mrs. Larish to the petition for the writ of habeas corpus.

The judgment of the superior court discharging the writ of habeas corpus and denying to Mr. Larish the relief prayed for is affirmed.

Tolman, C. J., Main, and Askren, JJ., concur.

Bridges, J. (dissenting)—I dissent. I think the first action should be treated as one of injunction only and

not one for the possession of the child. It is true the complaint asked for the custody of the child, but inasmuch as it showed that request was premature, it should be considered only as surplusage. The welfare of the child being the chief consideration of the court, we should treat the matter on its merits.