[No. 7078. Decided October 15, 1908.]

JOHN O. JOHNSON *et al.*, *Respondents*, v. NORTHPORT
SMELTING AND REFINING COMPANY, *Appellant*.[1]

EVIDENCE—RESPONSIVENESS. Where plaintiff was asked to state what was the fact as to there being timber on land, claimed to have been damaged by fumes from a smelter, an answer that "it is all timber" need not be struck out as not responsive to the question, especially where the court directed further answer to the question.

APPEAL — HARMLESS ERROR — FACTS OTHERWISE ESTABLISHED. Where, in an answer to the question as to the kind of timber on plaintiff's land, he made a statement of the kinds, "and quite a bit of cedar too," it is not error to refuse to strike out the answer, the amount of cedar being subsequently shown.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. An instruction to the jury based upon the contingency that they find damages to timber "by the noxious vapors arising from its smelter" is not unlawful comment on the evidence, it having been shown that the vapors or gases were destructive, since they were therefore noxious, and it is immaterial that they were so termed.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered April 2, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*C. S. Voorhees, Reese H. Voorhees*, and *F. Y. Wilson*, for appellant.

*Jesseph & Grinstead* and *Slater & Allen*, for respondents.

DUNBAR, J.—This is an action against the appellant for the recovery of damages alleged to have been occasioned to the trees and timber growing upon the farm of the respondents, between the 5th day of August, 1903, and the 5th day of August, 1904. Upon issue being joined, a trial was had by jury, and a verdict was obtained by respondents for damages in the sum of $770.65. Judgment was entered and appeal taken.

[1]Reported in 97 Pac. 746.

It is first assigned that the court erred in denying the motion to strike out the following answer, given by respondent John O. Johnson: "Well, it is all timber," which answer was given in response to the following question: "What is the fact as to there being timber on your land?" This assignment is entirely without merit for, while the court did not sustain the motion to strike the answer as not being responsive to the question, it did so in fact by directing the witness to answer the question asked, which the witness did by replying: "There is timber on my land." In addition to this, the answer was natural enough, and not entirely irresponsive to the question asked, and there was no objection interposed to the question. It is evident that there could have been no misunderstanding by the jury as to what the witness meant, for he subsequently very candidly testified that, while it was originally all timber land, the timber had been cut off of twenty acres of it.

Again the witness was asked what kind of timber there was on the land, and he replied: "Well, there is pine and fir and some tamarack and quite a bit of cedar too." And the refusal of the court to strike the expression "quite a bit of cedar too," is assigned as error. In addition to the fact that the expression is too indefinite to be worthy of notice, the whole matter in relation to the amount of cedar was afterwards testified to by the respondent and others, and no possible harm could have come from the expression objected to. The other objections to the testimony are equally without merit.

Many of the instructions of the court are assigned as error, but we will only notice one, as the principal instruction can be sustained under the decision of this court in *Park v. Northport Smelting & Refining Co.*, 47 Wash. 597, 92 Pac. 442. The one noticed above is the basis of this assignment, and is as follows:

"I further instruct you that if you should find from the evidence that any damage has been done to the timber grow-

ing upon such lands of plaintiff by the noxious vapors and gases arising from its smelter at Northport, Washington," etc., etc.

This it is contended constitutes a comment on the testimony, in violation of art. 4 of the state constitution. *State v. Walters*, 7 Wash. 246, 34 Pac. 938, 1098, is cited to sustain such contention. There this court said: "It is not the *quantum* of the particular comment, but all comment whatever, that is inhibited by the constitution." Abiding by that announcement, we still find the instruction not obnoxious to the constitutional inhibition, for there must be some comment. It would make no difference so far as the appellant's liability is concerned whether the gases were termed noxious or not; if they were gases which worked an injury to respondents' property, it would be liable for the damages done. This was the first time that the court in the course of a long instruction mentioned the word "noxious," but it had already properly instructed the jury that the appellant was liable for any damages done to respondents' property by reason of smoke, fumes, sulphur, or sulphurous acid and gases which it was shown appellant had discharged into the atmosphere and that had been borne by the winds to respondents' land. The respondents in their complaint did not even think it necessary to allege that the vapors and gases, which they alleged destroyed their property, were noxious; nor was it necessary. It was sufficient if such gases actually destroyed or damaged the property. In addition to this, when it is proven that the gases and vapors are poisonous and destructive, it is proven that they were noxious. Noxious means hurtful, harmful, injurious, destructive. Therefore the use of the word noxious added nothing whatever to the instruction. If it is the word "the" that is objected to, that is evidently a mere inadvertence, and it will not do to reverse judgments for an alleged prejudical instruction, when the instruction as a whole plainly shows that no prejudice was suffered, even though there might have some small technical error.

Believing that the case was fairly tried, both with respect to the instructions and the admission of testimony, the judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, and ROOT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.