[No. 8355. Department Two. December 8, 1909.]

YAKIMA GROCERY COMPANY, *Appellant*, v. ZELIA BENOIT et al., *Respondents*.[1]

APPEAL—REVIEW—EXCEPTIONS. One general exception to findings of fact is insufficient to bring up for review any question upon the evidence, even in an equitable case, where findings were made.

SAME—TRIAL—FINDINGS AND CONCLUSIONS—SUFFICIENCY. A finding that a claim against an insolvent estate is based upon a certain promissory note made and executed by the insolvent for a valuable consideration, is a finding of fact and not a conclusion of law, and must be excepted to, to be reviewed on appeal.

APPEAL—RECORD—STRIKING STATEMENT—DISMISSAL. Upon striking a statement of facts for want of any exceptions to the findings, the appeal will be dismissed, when no questions are raised outside of the statement.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered April 8, 1909, upon findings in favor of the defendants, establishing claims against an estate, after a hearing before the court without a jury. Dismissed.

*Hull & Livesey*, for appellant.

*Englehart & Rigg*, for respondents.

DUNBAR, J.—Claims by Zelia Benoit and George Benoit and others, against the estate of Lambert Benoit, insolvent, were filed in the matter of the assignment of Lambert Benoit for the benefit of creditors. Exception to the claims of Zelia Benoit and George Benoit were filed by the respondent Yaki-

[1]Reported in 105 Pac. 476.

ma Grocery Company, a corporation. Notwithstanding the exceptions, the court found that the claims were legal and just claims, and judgment was entered accordingly, and from that judgment this appeal is taken.

The respondents move for an order to strike the statement of facts and affirm the judgment, for the reason that there are no exceptions to the findings of fact, or any of them, as required by law. After the findings of fact, the exception was as follows: "To all of which plaintiffs except, and their exception is allowed." This court has held, in an unbroken line of authority from *Rice v. Stevens*, 9 Wash. 298, 37 Pac. 440, to *Fender v. McDonald*, 54 Wash. 130, 102 Pac. 1026, that such exceptions are insufficient to bring up for review any question upon the evidence; and although it has been held that findings of fact in an equitable case are not necessary, we have as universally held that, where findings have been made, they must be excepted to. However, it is earnestly contended by the counsel for appellant that, conceding this to be the law, the findings in this case were really not findings of fact, but were in effect conclusions of law. With this contention we are unable to agree. Some of the findings may have been somewhat in the nature of conclusions of law, as they frequently are; but the finding that the claim of George Benoit against the estate was based upon a promissory note, made and executed by the said Lambert Benoit to the said George Benoit for a valuable consideration, is certainly a finding of fact. This was the essential fact that was the subject of the controversy, viz., whether the execution of the note was for a valuable consideration. The same finding was found in relation to the claim of Zelia Benoit.

Under the authorities above referred to, the statement of facts will be stricken, and as there are no questions raised outside of the statement of facts, the appeal will be dismissed.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.