[No. 8458. Department Two. January 28, 1910.]

DOUGLAS C. CONOVER, *Respondent*, v. MARY CARPENTER
*et al., Appellants.*[1]

ATTORNEY AND CLIENT — FEES — OFFSET—NEGLIGENCE—EVIDENCE—
SUFFICIENCY. In an action for attorney's services rendered to an
estate, the defendant cannot offset the negligence of the plaintiff
resulting in defendant's payment of an improper inheritance tax,
where it appears from an inventory verified by the defendant that
the tax was a proper charge against the estate, and there was no
evidence to the contrary except plaintiff's opinion, given to the de-
fendant, that it was not a proper charge.

TRIAL—INSTRUCTIONS—COMMENT ON FACTS. An instruction stat-
ing facts that are not disputed is not prejudicial as a comment on
the evidence.

Appeal from a judgment of the superior court for King
county, Gay, J., entered June 19, 1909, upon the verdict of
a jury rendered in favor of the plaintiff, in an action on
contract. Affirmed.

*Elias A. Wright*, for appellants.

*Horace A. Wilson*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover
the alleged value of services rendered as an attorney at law
for the defendant, at her special instance and request. The
cause was tried to a court and a jury. A verdict was re-
turned in favor of the plaintiff, and from the judgment ren-
dered thereon, the defendant has appealed.

It is argued that the court erred in withdrawing from the
consideration of the jury an item of $22.01, alleged as an
offset to the amount prayed for in the complaint. It is
alleged that this item was paid by the appellant to the state,
as an inheritance tax upon an estate, through the careless-
ness of the respondent, and that the item was not a proper

[1]Reported in 106 Pac. 620.

charge against the estate. There is no evidence in the record, except the opinion of the respondent expressed to the appellant prior to the payment, that the item was not a proper charge against the estate. It was paid by the appellant after she had discharged the respondent, and upon the inventory verified by the appellant. The court was, therefore, clearly justified in withdrawing from the jury the consideration of the item, even if it was not a proper charge against the estate. Upon the face of the inventory verified by the appellant, the charge was a proper one.

It is also argued that the court erred in giving to the jury the following instruction:

"You will take the files in the probate case bearing Mr. Conover's signature. Do not get them mixed as you take them out. Put them back together. These files that are in there bear Mr. Conover's signature, and they are supposed to represent some of the work he did."

It is argued that the last sentence of this instruction was a comment by the court upon the facts. The facts there stated were not disputed facts. They were admitted, and therefore the statement could not be prejudicial.

No other errors are assigned. We find no merit in the appeal, and the judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and CROW, JJ., concur.