[No. 14160. Department Two. March 2, 1918.]

WILLIAM TAR, *Appellant,* v. MODEL BAKERY COMPANY, *Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS. In the absence of a statement of facts, errors in the rejection of evidence cannot be reviewed, nor the merits of instructions determined, unless they would be wrong under any conceivable facts.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS—COMMENT ON EVIDENCE. In the absence of the evidence, it cannot be said to be an unlawful comment on the evidence for the court, in its instructions, to state that, according to the evidence of the physician, plaintiff was suffering from occupational dermatitis, which simply meant inflammation due to dishwashing.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 23, 1916, upon the verdict of a jury rendered in favor of the defendant, in an action for damages. Affirmed.

*W. B. Mitchell,* for appellant.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for respondent.

CHADWICK, J.—Prior to the time set for the hearing of this case, the statement of facts was stricken on the motion of respondents. This precludes all inquiry into assignments of error going to the rejection of offered testimony, and, also, to all assignments upon the instructions of the court. *Weld v. Wheeler,* 90 Wash.

[1]Reported in 171 Pac. 247.

178, 155 Pac. 748; *Morgan v. Bankers' Trust Co.,* 63 Wash. 476, 115 Pac. 1047.

We have often held that it is error to instruct the jury by submitting the law in the way of abstract propositions. It follows as a matter of course, if instructions must have some reasonable relation to the facts, that the merit of the instructions can only be determined by reference to the facts, unless, indeed, the instructions complained of would be wrong under any conceivable state of facts, which is not urged by counsel. The rule is well established that, where the errors relied on cannot be reviewed without reference to the statement of facts, a presumption of regularity calling for an affirmance attends the judgment. *Stedman v. Keener,* 71 Wash. 462, 128 Pac. 1047; *McDonald v. Van Houten,* 59 Wash. 593, 110 Pac. 428; *Yakima Grocery Co. v. Benoit,* 56 Wash. 208, 105 Pac. 476.

It is also contended that the court made comment on the evidence to the prejudice of appellant. In one of its instructions the court said: "The evidence of the physician in the case shows that plaintiff was suffering from occupational dermatitis, which simply means an inflammation due to dishwashing."

Reference to the testimony of witnesses may, or may not, be a comment within the meaning of the constitution, depending entirely upon a view of the whole testimony, which can only be had by a reference to the statement of facts. Such comments must be prejudicial. *Earles v. Bigelow,* 7 Wash. 581, 35 Pac. 390; *Johnson v. Northport Smelting & Refining Co.,* 50 Wash. 567, 97 Pac. 746; *Sheffield v. Union Oil Co.,* 82 Wash. 386, 144 Pac. 529.

We think it would do violence to the spirit of the law to hold, in the absence of a record, that the translation of a technical term by the court was a comment calling for a new trial. The fact may not have been contro-

verted. *Conover v. Carpenter,* 57 Wash. 146, 106 Pac. 620; *Carlisle Packing Co. v. Deming,* 62 Wash. 455, 114 Pac. 172; *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140.

Affirmed.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.