[No. 15787.   Department One.   August 3, 1920.] ·

ALEXANDER PEARSON, *Appellant,* v. M. GOTTSTEIN
INVESTMENT COMPANY *et al., Respondents.*[1]

APPEAL (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FIND-
INGS. Findings made in an equity case, while not necessary, are as
conclusive on appeal, when made, as in law actions, unless duly ex-
cepted to.

SAME (150)—EXCEPTIONS TO FINDINGS—SUFFICIENCY OF GENERAL
EXCEPTION. A general exception to the refusal of the court to make
findings requested by appellant, evidenced in the record by the words
"plaintiff duly excepted thereto", is insufficient to secure a review of
the evidence on appeal.

PLEADING (6)—CONCLUSIONS FROM FACTS ALLEGED. In an action
to recover a balance due upon a construction contract, an allegation
in the affirmative answer that plaintiff "forfeited any right to com-
pensation" is but a conclusion that, in the light of preceding allega-
tions, defendants' damages caused by plaintiff's neglect of the work
exceeded the amount of plaintiff's claim, and was not the pleading of
a technical forfeiture.

Appeal from a judgment of the superior court for
King county, Dykeman, J., entered December 2, 1919,
upon findings in favor of the defendants, in an action
on contract, tried to the court. Affirmed.

*Arthur C. Dresbach,* for appellant.
*Preston, Thorgrimson & Turner,* for respondents.

PARKER, J.—The plaintiff, Pearson, seeks recovery
from the defendants of the sum of $2,407.52 as a bal-
ance claimed to be due him upon a construction con-
tract for the remodeling of the interior of a large
business block owned by the defendants, situated in
the business district of Seattle; and also the fore-
closure of a lien upon the property, claimed by the
plaintiff by virtue of the performance of the contract.

[1]Reported in 191 Pac. 796.

Trial in the superior court for King county resulted in findings and judgment in favor of the defendants denying any recovery, from which the plaintiff has appealed to this court.

The contract provided that appellant should furnish all material and cause to be performed all labor necessary for the completion of the improvement according to plans and specifications prepared by architects; that respondents should pay to appellant the cost of all the material and labor "at the lowest market rates," and eight per cent additional as his compensation for carrying the improvement to completion; and "that the contractor (appellant) shall push the work to completion as rapidly as possible." The improvements being completed by appellant at a cost to him of $52,-425.53, and appellant claiming a balance due him from respondents upon the contract and his percentage compensation, of $2,407.52, they have defended and resisted appellant's claim upon the ground, in substance, that, by reason of appellant's inattention to the work, its completion was delayed beyond a reasonable time for completion, to their damage, especially in the loss of rents they would have received in excess of the amount of his claim of balance due on the contract, had the improvement been completed within such reasonable time, making the rooms of the building available for renting. The trial court made findings of fact fully covering the substantial issues of the controversy, which we regard as clearly supporting the conclusion that the inattention to the work on the part of appellant did result in an unreasonable delay in its completion, resulting in respondents' damage in a sum greater than the balance claimed by him, which findings therefore clearly support the judgment denying recovery. No exception whatever was taken to the

finding in appellant's behalf. A general exception was, however, taken to the refusal of the court to make findings, ten in all, requested by counsel for appellant, which general exception is evidenced in the record by these words: "plaintiff duly excepted thereto" indorsed at the foot of the requested findings.

According to our repeated holdings, findings of fact made by a trial court are conclusive upon appeal, unless duly excepted to. While this is a suit in equity wherein findings are not necessary as in law actions, when they are made in such a suit, they become as conclusive upon appeal as when made in a law action. *Yakima Grocery Co. v. Benoit,* 56 Wash. 208, 105 Pac. 476; *Hagen v. Balcom Mills,* 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051; *Harbican v. Chamberlin,* 82 Wash. 556, 144 Pac. 717; *Yarbrough v. Pellissier,* 83 Wash. 49, 145 Pac. 81; *Beeler v. Barr,* 90 Wash. 258, 155 Pac. 1040; *Ready v. McGillivray,* 109 Wash. 387, 186 Pac. 902.

It is equally plain, under our decisions, that such a general exception as we have here, is not sufficient, when directed to a number of findings covering the whole case upon the merits, to call for a review of the evidence to determine questions of fact upon appeal; and this is true whether exception be taken to the findings made by the court or to the refusal of the court to make a number of requested findings, as was done in this case. In *Pederson v. Ullrich,* 50 Wash. 211, 96 Pac. 1044, it was said:

"No exceptions either to findings made or to those requested and refused appear in the record. In their reply brief the appellants concede that the only mention of any exceptions being taken appears in the certificate of the trial judge to the statement of facts, as follows: 'That the findings of fact and conclusions of

law hereto attached were the ones proposed by defendants and rejected and refused by the court and exception allowed thereto.' This, if conceded to be an attempt at exceptions to findings requested, will not secure a review of the evidence, as a general exception to all findings made, or all findings requested and refused, is insufficient for any such purpose."

See, also, *Crowe & Co. v. Brandt,* 50 Wash. 499, 97 Pac. 503; *Fender v. McDonald,* 54 Wash. 130, 102 Pac. 1026; *Yakima Grocery Co. v. Benoit,* 56 Wash. 208, 105 Pac. 476; *Snohomish River Boom Co. v. Great Northern R. Co.,* 57 Wash. 693, 107 Pac. 848; *Meacham v. Seattle,* 69 Wash. 238, 124 Pac. 1125; *Sallaske v. Fletcher,* 73 Wash. 593, 132 Pac. 468, Ann. Cas. 1914 D 760, 47 L. R. A. (N. S.) 320.

We conclude, therefore, that we must view the facts as found by the trial court. We deem it not out of place, however, to here observe that a perusal of the short abstract convinces us that our disposition of the case upon its merits would be in respondents' favor even if it were necessary for us to discuss the merits.

While counsel for appellant seems to make his principal contention upon the merits of the case in the light of the evidence, he also makes contention that the defense of damages by way of set-off as against appellant's claim was not well pleaded. It is true, as counsel points out, that respondents plead in their affirmative answer in the concluding paragraph thereof, that appellant has "forfeited any right to compensation." This, however, is only pleading a conclusion which, in the light of the preceding allegation, can only mean that the damages which respondents claim to have been caused by appellant's neglect of the work exceeds the amount of appellant's claim. It is not the pleading of a technical forfeiture, as counsel for appellant seems

to argue. We think this contention is not well grounded.

The judgment is affirmed.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.