[No. 5127. Decided March 23, 1905.]

## VICTORIA L. TRUMBULL *et al., Appellants,* v. JEFFERSON COUNTY *et al., Respondents.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY. Where, pending an appeal from an order refusing to enjoin a tax foreclosure sale, appellant pays the tax judgment, the appeal will be dismissed, since there is no longer any controversy, regardless of the fact that plaintiff was refused a supersedeas on appeal and was compelled to redeem in order to save the property.

SAME—LITIGATION OF COSTS BY SURETIES. The rule that the supreme court will not entertain an appeal to determine a matter of costs, does not apply to sureties upon a cost bond against whom judgment for costs has been rendered, appeal lying in their behalf from such judgment.

APPEAL—JURISDICTION—AMOUNT IN CONTROVERSY. In actions of equitable cognizance, the supreme court has jurisdiction on appeal irrespective of the amount in controversy.

JUDGMENT—JURISDICTION—DIRECT ATTACK. Upon a direct appeal from a judgment, jurisdiction must appear on the face of the record.

[1]Reported in 79 Pac. 1105.

COSTS—SURETIES ON NONRESIDENT'S COST BOND—JUDGMENT
AGAINST. Upon entering judgment against a nonresident plaintiff,
the court is without jurisdiction to enter judgment for costs
against sureties upon the cost bond, and such a judgment is a
nullity.

APPEAL AND ERROR—DECISION—COSTS. Where an appeal is af-
firmed as to part, and reversed as to part, of the appellants, and
only one brief was filed, the respondents will be allowed one-
half of their costs, and the successful appellants one-half of their
costs.

Appeal from a judgment of the superior court for Jef-
ferson county, Hatch, J., entered January 9, 1904, dis-
missing an action to enjoin a tax sale, upon sustaining a
demurrer to the complaint.    Appeal dismissed as to
appellant Trumbull.  Reversed as to sureties.

*Trumbull & Trumbull,* for appellants.

*J. M. Ralston* and *A. W. Buddress,* for respondents.

PER CURIAM.—On the 10th day of October, 1903, a
judgment foreclosing a certificate of delinquency was duly
entered in the superior court of Jefferson county, in a
certain action therein pending wherein said Jefferson coun-
ty was plaintiff, and the plaintiff herein and others were
defendants.    The amount of the tax judgment was
$116.43, and $2.80 costs.    This judgment was certified
to the county treasurer as required by law.    On the 14th
day of December, 1903, the county treasurer gave notice
that he would sell the property described in the tax judg-
ment on the 26th day of the same month, to satisfy the
full amount of taxes, assessments, penalties, interest, and
costs adjudged to be due thereon, as follows: amount of
the judgment, $119.23; interest, $3.77; accrued costs, $3.
The notice further stated that the purchaser would be re-
quired to pay subsequent taxes on the property described
in the tax judgment, for the years 1898, 1899, 1900, 1901,
and 1902, respectively, making the total amount for which

the property would be sold the sum of $437.71. This action was brought by the owner of the property to enjoin the sale for any amount in excess of the amount stated in the original judgment.

The plaintiff was a nonresident, and the appellants Fred E. Cook and T. F. Trumbull executed a cost bond in her behalf. A temporary injunction was granted without notice, and at the hearing the court sustained a demurrer to the complaint. The plaintiff elected to stand on her complaint, and refused to plead further; whereupon the court dismissed the action, and entered a judgment against the plaintiff, and also against the sureties on her cost bond, for the costs in the action. A motion to vacate the judgment for costs, as against the sureties on the cost bond, was thereafter interposed and denied. On the 16th day of January, 1904, the plaintiff in this action and the sureties on the cost bond gave notice of appeal to this court. On the 23d day of January, 1904, the appellant Victoria L. Trumbull paid to the treasurer of Jefferson county the sum of $124.08, in full satisfaction of the tax judgment heretofore mentioned, and received a certificate of redemption. From the judgment of dismissal and for costs, the plaintiff and the sureties on the cost bond have appealed to this court.

The respondents moved to dismiss the appeal upon several grounds stated in their brief. The first two grounds of the motion are, (1) because there is no longer any real controversy in this cause, and (2) because the court will not litigate a mere question of costs. This motion must be granted as to appellant Victoria L. Trumbull. The tax judgment which the respondents were threatening to execute has been satisfied by her, and the injunction prayed would be of no avail if granted. As said by the supreme court of the United States in *Mills v. Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

. To the same effect are the decisions of this court. *State v. Wickersham*, 16 Wash. 161, 47 Pac. 421; *Hice v. Orr*, 16 Wash. 163, 47 Pac. 424; *Campbell v. Hall*, 28 Wash. 629, 69 Pac. 12.

In opposition to the motion to dismiss on the above grounds, appellants cite *Hartson v. Dale*, 9 Wash. 379, 37 Pac. 475. That was an action to enjoin the payment of a county warrant, on the ground of its illegality. A demurrer to the complaint was sustained, and the plaintiff stood on the complaint, and appealed from the order of dismissal. After the appeal was perfected, the county treasurer, who was one of the respondents, paid the warrant in controversy, and set this fact up by affidavit for the purpose of defeating the appeal. This court properly held that a respondent could not thus defeat an appeal and avoid the payment of the costs incident thereto. But this rule does not apply to the appellant.

Counsel for Victoria L. Trumbull maintain that this rule should not apply to her for the reason that she was denied a supersedeas, by the trial court and by this court, and was compelled to satisfy the judgment to save her property. The reasons which may have induced her to satisfy the judgment are not material. The fact remains that any judgment this court, or the court below, might render or enter upon the merits would be wholly ineffectual for any purpose. The question at issue has become a mere abstract proposition, in a decision of which the appellant Victoria L. Trumbull has no interest, and the court will not decide it merely to satisfy her curiosity or that of her

counsel. This court will not permit a mere question of costs to be litigated by the parties to an action. *State ex rel. Scottish-Am. Mtg. Co. v. Meacham,* 17 Wash. 429, 50 Pac. 52. It follows that the appeal must be dismissed as to the appellant Victoria L. Trumbull.

On the 4th day of June, 1904, this court refused to dismiss the appeal in this case, on the above and other grounds, without an opinion. The motion was then denied, for the reason that the appeal could not be dismissed as to all the parties, and the court refused to hear the appeal by piecemeal. The respondents further move to dismiss the appeal as to all the parties, on the second ground above stated, and upon the further grounds that the court has no jurisdiction because the amount in controversy is less than $200, and because no appeal will lie by the sureties on the cost bond. The rule that a court will not entertain an appeal to determine a mere matter of costs only applies to the parties to the action, and does not apply to third persons, against whom a judgment for costs has been rendered. *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105. The same cases hold that an appeal will lie in behalf of the sureties, and that a judgment such as was rendered in this case against the sureties on the cost bond is void. This was an action of equitable cognizance, and the jurisdiction of this court does not depend on the amount in controversy. Nor does the smallness of the amount involved, or the insolvency of the sureties, affect their right to have a void judgment against them reversed.

The respondents further contend that the judgment against the sureties cannot be assailed in this action, as the want of jurisdiction does not appear on the face of the record, and there is no statement of facts. The authorities cited are all cases of collateral attack, and have no application to a direct appeal from a void judgment. On a di-

rect appeal the jurisdiction of the court must appear on the face of the record, while in this case a want of jurisdiction clearly appears, and the judgment of the court is, therefore, a nullity. This disposes of all the questions discussed.

The appeal will be dismissed as to appellant Victoria L. Trumbull, and the judgment is reversed as to the appellants Fred A. Cook and T. F. Trumbull. Inasmuch as all the parties appear by the same counsel, and file but one brief, the respondents will recover one-half the costs on this appeal from the appellant Victoria L. Trumbull and the sureties on the appeal bond; and the appellants Fred A. Cook and T. F. Trumbull will recover the other half of the costs from the respondent Jefferson county.