AGNEW v. BARTO & SON'S BANK.

[No. 7089.  Decided December 10, 1907.]

JAMES P. AGNEW, *Plaintiff*, v. BARTO & SON'S BANK,
*Appellant*, and W. H. BORROW, *Respondent*.[1]

APPEAL — DECISIONS REVIEWABLE — AMOUNT IN CONTROVERSY —
EQUITABLE ACTIONS—INTERPLEADER. An action of interpleader, under
Bal. Code, § 4843, wherein the county auditor deposited a warrant in
court and asked that the conflicting claims of the defendants thereto
be determined, is of equitable cognizance, and appeal lies to the su-
preme court regardless of the amount in controversy.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered November 4, 1907, upon sus-
taining a demurrer to the cross-complaint, determining the
rights of conflicting claimants to a warrant, in an action of
interpleader.  Motion to dismiss denied.

*Kenneth Mackintosh* and *Ernest B. Herald*, for plaintiff.
*Blaine, Tucker & Hyland*, for appellant.
*Herbert E. Snook*, for respondent.

RUDKIN, J.—On the 22d day of June, 1907, the defendant
Borrow assigned to the defendant Barto & Son's Bank his
claim against King county "for services furnished the As-
sessor's Department during the month of June, 1907," and
authorized the bank to receive and receipt for any warrant or
warrants issued in payment for such services, and to endorse
the same.  On the 17th day of July, 1907, the plaintiff in
this action, as county auditor, issued his warrant in the sum
of $175 in favor of the defendant Borrow, in payment for
said services.  The defendant Borrow thereafter repudiated
his assignment to the bank, and each of the defendants as-
serted a claim to the warrant in the official custody of the
plaintiff as county auditor.  The plaintiff thereupon deposited
the warrant with the clerk of the superior court and com-

[1]Reported in 92 Pac. 885.

menced an action against both claimants, asking that their rights, claims and interest in the warrant be adjudged, determined and adjusted in such action. The defendant bank filed its answer and cross-complaint, setting forth its right and title to the warrant under the assignment from the defendant Borrow, and prayed judgment against the warrant or fund in court. To this cross-complaint the defendant Borrow demurred, and the demurrer was sustained. The bank refused to plead further, and judgment was entered dismissing the cross-complaint and directing the clerk of the court to deliver the warrant in the registry of the court to the defendant Borrow. From this judgment the bank has appealed.

The respondent Borrow now moves to dismiss the appeal for the reason that the amount in controversy is not sufficient to confer jurisdiction on this court. If this is a civil action at law for the recovery of money or personal property the motion must prevail. Constitution, art. 4, § 4. But if it is a cause of equitable cognizance the motion should be denied. *Fox v. Nachtsheim*, 3 Wash. 684, 29 Pac. 140; *Trumbull v. Jefferson Co.*, 37 Wash. 604, 79 Pac. 1105; *Horrell v. California etc. Ass'n*, 40 Wash. 531, 82 Pac. 889.

The original complaint was filed under Bal. Code, § 4843 (P. C. § 582), which provides as follows:

"Any one having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or liens adjudged, determined, and adjusted in such action."

When the plaintiff in such an action deposits the money or fund in court, disclaims any interest therein, and is discharged from further liability on account thereof, it would seem on principle that the nature of the action between the adverse claimants should be determined by the nature of the claim

asserted against the property or fund. If such claim is purely legal, it would seem that the issues should be triable by jury, and if equitable by the court. The authorities, however, adopt the view that proceedings of this nature, though authorized by statute, are equitable in their inception and remain so throughout. Thus in *Clark v. Mosher*, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. 798, the court of appeals of that state, in discussing the nature of such a proceeding, says:

"We are of opinion that the trial judge was right in holding, as claimed by the defendant, that the action was of an equitable nature and triable by the court. The plaintiff had no right of action at law against the defendant, and did not seek to recover any money from him. The money in controversy was in court, having been paid into court by a third party, the Phoenix Mutual Life Insurance Company, under an order made on the application of that company pursuant to section 820 of the Code. The plaintiff had brought an action at law against the company upon a policy of insurance and the company, admitting its liabilities on the policy, set up that the defendant's intestate also claimed the amount of the policy, and by this proceeding in the nature of a bill of interpleader, on payment of the fund into court, the plaintiff was required to substitute the defendant's intestate as defendant, and the object of this action was to determine the conflicting claims of the plaintiff and the defendant to the fund in court. Neither party had any right of action at law against the other, but by this equitable proceeding, authorized by the Code, the Insurance Company, against whom both claimed a legal cause of action, was discharged, and they were brought together to litigate the question which of them had the better right to the fund in controversy. No right of trial by jury ever existed in such a case."

For the reasons stated in the foregoing opinion, this cause is of equitable cognizance, and the motion to dismiss is accordingly denied.

HADLEY, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.

DUNBAR and ROOT, JJ., took no part.