[No. 10395.   Department Two.   May 23, 1912.]

M. LEITES *et al.*, *Appellants*, v. JAMES PETERSON, *Respondent.*[1]

APPEAL—DECISIONS REVIEWABLE—JURISDICTION—AMOUNT IN CONTROVERSY—EQUITY OR LAW. The supreme court has no jurisdiction of an appeal in an action to restrain the enforcement of a judgment of the superior court in a civil action at law for the recovery of money in which the original amount in controversy was less than the jurisdictional limit of the supreme court; and the supreme court may look to the complaint in the injunction suit to determine that the character of the action was one to indirectly secure a review of a judgment of which the supreme court has no appellate jurisdiction.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 12, 1911, in favor of the defendants, upon sustaining a demurrer to the complaint. Appeal dismissed.

*Leopold M. Stern* (*J. W. Russell*, of counsel), for appellants.

*George Olson* (*Oscar G. Heaton*, of counsel), for respondent.

MORRIS, J.—Respondent moves to dismiss the appeal upon the ground of lack of jurisdiction in this court, the jurisdictional defect being that the amount originally involved is less than $200. The facts, in so far as they may be considered upon this motion, are these: In September, 1911, James Peterson brought an action against M. Leites, before a justice of the peace at Seattle, in which he recovered judg-

[1]Reported in 123 Pac. 773.

ment for $99.99 and costs. From this judgment, Leites appealed to the superior court of King county, where on June 22, 1911, his appeal being called for hearing and neither he nor his attorney being present, the appeal was dismissed for want of prosecution, and judgment subsequently entered against him and his sureties on appeal, for the amount of the original judgment, with costs of the superior court added. Thereupon appellants brought this action in which, after setting forth the above facts and others as to the circumstances under which the judgment was entered, not necessary to refer to, they pray an injunction restraining the enforcement of the superior court judgment, upon the ground of lack of jurisdiction in the court at the time of its entry. To this complaint, respondent demurred, and the demurrer being sustained, appellants elect to stand upon the complaint, and appeal from an order of dismissal.

The motion to dismiss is resisted upon the ground that this is a suit in equity, in which the question to be determined is, not the original amount in controversy between the parties, but the validity of a judgment. It is also contended that we cannot determine the facts without a review of the complaint, which means a determination of the merits of the appeal, and hence the motion must fail. There is no merit in either of these contentions. We cannot, upon a motion to dismiss an appeal for want of jurisdiction, determine any question affecting the merits of the controversy submitted by the appeal, but we may examine the complaint to ascertain the character of the action. To ascertain the character of an action, is not to determine nor decide any question involving its merits. We may ascertain the relief sought by a complaint, and the facts upon which such relief is predicated, without in any wise determining whether the relief is well prayed and should be granted. Otherwise, no court could pass upon a jurisdictional question which is to be determined by the character of the relief sought and the facts upon which it is based, since in all such questions the answer must be

found in the complaint itself. The complaint before us, it is true, is not in a civil action at law; nor does it pray for a money judgment, the only relief sought being of an equitable nature. But that relief is in turn predicated upon error of the superior court granting judgment without jurisdiction in an action at law where the amount involved was less than $200. So that, before appellants could be granted any relief in this action, it must be determined that, in an action unquestionably falling within the constitutional limitation, the court below acted erroneously. That cannot be inquired into by this court irrespective of the manner in which the question is presented, whether by direct appeal or indirectly by writs of review, mandamus, or prohibition. This has been determined so frequently that it must be regarded as established. Under our constitution, the superior court is made the sole judge of its own jurisdiction in all cases involving less than $200, and its judgment in asserting or refusing jurisdiction in all such cases is final. If it commit error, there is no remedy. Finality must rest somewhere whatever be the character of the judgment, and in matters involving less than $200, that finality is in the court below. As was said in *State ex rel. Corbin v. Superior Court*, 35 Wash. 201, 77 Pac. 33:

"In other words, it matters not whether that court decides that it has jurisdiction when it has not, or whether it erroneously decides some other matter of law, its judgment is final in all causes not within the appellate jurisdiction of this court."

The same rule is laid down in *State ex rel. Wallace v. Superior Court*, 24 Wash. 605, 64 Pac. 778, and in numerous other cases. It is immaterial, then, in what way such a case is presented to this court, whether by direct appeal or in some roundabout way. So long as the question to be determined is the act or jurisdiction of the court below in an action involving less than $200, it must fail for want of jurisdiction here. What difference does it make whether, in

the one case, appeal or writ is sued out to this court, or whether, as in this case, an action in equity is commenced to determine the jurisdiction of the court below? The result is always the same—an attack upon the jurisdiction of the superior court in actions involving less than $200. In the one case, that attack is openly made; in the other, it is attempted to be hidden under the prayer for equitable relief. The result however is the same, leaving for final decision here whether the court below acted wisely or unwisely, with or without jurisdiction, in an action within the prohibited amount. It is not sufficient to say the only relief prayed for in this action is to restrain the enforcement of a judgment, and the only question that could be submitted on this appeal is whether the complaint states a cause of action for equitable relief; since the relief prayed for is shown by the complaint to be the setting aside of a judgment entered in an action over which this court has no right of review; and therefore it matters not whether the court in the entry of that judgment acted within or without its jurisdiction. Its judgment is as final in the one case as it is in the other.

Appellants contend that the motion should be denied, citing *Trumbull v. Jefferson County*, 37 Wash. 604, 79 Pac. 1105; *Horrell v. California etc. Assn.*, 40 Wash. 531, 82 Pac. 889, and other like holdings. Nothing is said in any of those cases which disturbs the rule we are here asserting. In the *Trumbull* case, it is said that, in actions of equitable cognizance, the jurisdiction of this court does not depend upon the amount in controversy. As applied to the case in which it is said—to enjoin a tax foreclosure sale—that is undoubtedly true, since at no time is there in such a case any question of the right of judgment in an action involving a money demand. In the *Horrell* case, it is likewise said that the constitutional provision as to the amount in controversy has no application to causes of equitable cognizance, the action being one to cancel contracts of a building and loan association. It was, however, also said in the *Horrell* case that,

"the jurisdictional question is determined from the nature of the action as disclosed by the pleadings;" and that is just what we have attempted to lay down as the proper rule in this case, that where the jurisdiction of this court is questioned, we can determine it as we have in this case from the nature of the action as disclosed by the pleadings, and when such disclosure shows us an attempt to obtain relief from the entry of a judgment in an action at law where the original amount in controversy was less than $200, we can see nothing other than an attempt to involve the jurisdiction of the lower court in a confessedly nonappealable case, in an equitable suit, in order to confer by indirection a jurisdiction which cannot be conferred directly. It cannot be done and the jurisdictional limitations of the lower court and of this court be preserved.

For these reasons, the motion must be granted, and the appeal is dismissed.

DUNBAR, C. J., ELLIS, and MOUNT, JJ., concur.