[No. 12137.   Department One.   December 15, 1914.]

S. M. WADE, *Appellant*, v. S. H. WEBER *et al.*, *Respondents*.[1]

APPEAL—JURISDICTION—AMOUNT INVOLVED—LAW OR EQUITY—DECISION ON CERTIORARI FROM JUSTICE. Under Const., art. 4, § 4, denying to the supreme court appellate jurisdiction in civil actions at law for the recovery of money or personal property when the amount in controversy does not exceed the sum of $200, the supreme court has no jurisdiction of an appeal from a judgment of the superior court affirming, on a writ of certiorari, a judgment of a justice of the peace in an action at law in the sum of fifty dollars.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 5, 1914, in favor of the plaintiff, upon reviewing by certiorari a judgment of a justice of the peace.   Appeal dismissed.

*Mitchell & Lawrence*, for appellant.

*Jacob Kalina*, for respondents.

CHADWICK, J.—Respondent Weber began an action in the justice court of King county, and obtained a judgment by default in the sum of $50.   Thereafter appellant sued out a writ of review in the superior court of King county, seeking to avoid the judgment upon the ground that no legal service of summons and complaint had been made upon him.   This coming on for hearing in the superior court, the judge denied the relief prayed for, and directed the lower court to proceed to execute the judgment.   Whereupon an appeal was taken to this court.

[1]Reported in 144 Pac. 901.

We are met at the threshold of the case with a motion to dismiss the appeal for the reason that it cannot be enter-tained under art. 4, § 4 of the constitution, which provides that the appellate jurisdiction of this court "shall not ex-tend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars."

It is contended that a writ of review is a special proceed-ing, as distinguished from a civil action at law and that it does not fall within the bar of the constitution.

We think, nevertheless, that the question has been fore-closed by this court, in *Leites v. Peterson*, 68 Wash. 474, 123 Pac. 773. In that case, a judgment had been obtained in the justice court for $99.99. An appeal was taken from the judgment to the superior court, and the case being there called for hearing, and neither the appellant nor his attor-ney being present, the case was dismissed for want of prose-cution. Thereupon appellants brought a suit in equity to restrain the enforcement of the judgment upon the ground that the justice court did not have jurisdiction at the time the judgment was entered. From an adverse decision, an appeal was taken to this court, where a motion to dismiss the appeal was interposed. The motion was resisted upon the grounds that the action was a suit in equity, as in this case it is resisted upon the ground that this is a special pro-ceeding and does not fall within the definition of "a civil action at law." In that case, it was held that the superior court is the sole judge of its own jurisdiction in all cases involving less than two hundred dollars; that its judgment is final, and that,

"It is immaterial, then, in what way such a case is pre-sented to this court, whether by direct appeal or in some roundabout way. So long as the question to be determined is the act or jurisdiction of the court below in an action in-volving less than $200, it must fail for want of jurisdiction here. What difference does it make whether, in the one case,

appeal or writ is sued out to this court, or whether, as in this case, an action in equity is commenced to determine the jurisdiction of the court below? The result is always the same— an attack upon the jurisdiction of the superior court in actions involving less than $200. In the one case, that attack is openly made; in the other, it is attempted to be hidden under the prayer for equitable relief. The result however is the same, leaving for final decision here whether the court below acted wisely or unwisely, with or without jurisdiction, in an action within the prohibited amount. It is not sufficient to say the only relief prayed for in this action is to restrain the enforcement of a judgment and the only question that could be submitted on this appeal is whether the complaint states a cause of action for equitable relief; since the relief prayed for is shown by the complaint to be the setting aside of a judgment entered in an action over which this court has no right of review; and therefore it matters not whether the court in the entry of that judgment acted within or without its jurisdiction. Its judgment is as final in the one case as it is in the other."

It will thus be seen that, in cases of this kind, it can make no difference whether a judgment in a civil action is attacked by appeal or by some collateral proceeding. If, in the final analysis, the attack is upon a judgment for the recovery of money or personal property rendered in an action at law, the case falls within the proscriptions of the constitution and it will not be entertained or considered by this court.

There has been much faulty reasoning upon this question, in consequence, as we believe, of the failure to appreciate the meaning of that part of art. 4, § 4 of the constitution defining the jurisdiction of this court. It may be admitted that the case of *State ex rel Boyd v. Superior Court*, 6 Wash. 352, 33 Pac. 827, is an authority directly in point, but that case, as in fact many of the cases of like character which have been brought to this court, has proceeded upon the theory that the constitution says that there shall be *no appeal* in civil actions at law where the amount in controversy is less than $200. If that were the constitution, it would fol-

low as of course, that a judgment could be reviewed by certiorari to the lower court or by a bill in equity. But the constitution is broader. It says:

"The supreme court shall have . . . appellate jurisdiction in *all* actions and proceedings, *excepting* that its appellate jurisdiction *shall not* extend to civil actions at law for the recovery of money or personal property when the amount in controversy or the value of the property does not exceed the sum of two hundred dollars." Const., art. 4, § 4.

This is a clear denial of jurisdiction. Having no jurisdiction to determine any question arising in a civil action at law when the original amount in controversy does not exceed the sum of $200, it can make no difference in what way the question is brought to the supreme court. It cannot be decided—not because it cannot be appealed—but because this court has no jurisdiction. If any question, therefore, were determined by this court that might have been brought to the attention of the lower court by a direct appeal, we would, as is suggested by Judge Dunbar in his dissenting opinion in the *Boyd* case, allow an evasion of the governing constitution. He said: "This is but another method of appeal; and the appellant secures a ruling of this court on the same questions that he would on an appeal." And further, the supreme court "has no appellate or revisory jurisdiction over actions where the amount involved is less than two hundred dollars."

The case of *Leites v. Peterson* ties to the constitution. *State ex rel. Boyd v. Superior Court* does not so tie, and it is now overruled in so far as it touches the jurisdiction of this court to review a judgment entered in the superior court in a case at law involving a sum less than two hundred dollars.

The appeal is dismissed.

CROW, C. J., PARKER, MORRIS, and GOSE, JJ., concur.