[No. 16475. Department One. May 28, 1921.]

JAMES H. DOWNEY, *Appellant,* v. R. A. WILBUR *et al., Respondents.*[1]

APPEAL (23)—DECISIONS REVIEWABLE—SUITS IN EQUITY. The provision of the constitution, Art. 4, § 4, denying appellate jurisdiction to the supreme court where the original amount in controversy is less than $200, does not preclude appeal from an injunctive order made in a proceeding to have property declared a homestead and exempt from execution upon a judgment for $55.82.

Motion to dismiss an appeal from a judgment of the superior court for Pierce county, Askren, J., entered February 6, 1921. Denied.

*Fayette J. Partridge,* for appellant.

*Kelly & MacMahon,* for respondents.

MITCHELL, J.—James Downey sued and recovered judgment against R. A. Wilbur and wife, in a justice of the peace court, in the sum of $55.82. He then filed a duly certified transcript from the docket of the justice of the peace in the county clerk's office, upon which the clerk issued a writ of execution. The sheriff made a levy upon the property in which Wilbur and wife resided, and advertised it for sale. Prior to the date

[1]Reported in 198 Pac. 268.

fixed for the sale, R. A. Wilbur filed in the office of the county auditor his duly acknowledged statutory declaration of homestead of the property advertised to be sold, and at once commenced proceedings in the superior court for an order setting the property aside as exempt from levy and sale. He alleged its value to be not exceeding $1,000. This proceeding was contested by the judgment creditor and, upon a trial, the court entered an order setting the property aside as a homestead, declaring it free from the execution and enjoining the sheriff from selling it. James Downey has taken an appeal from that order.

Wilbur and wife have moved to dismiss the appeal upon the ground that this court is without jurisdiction to hear it. The argument is that the original amount in controversy, $55.82, is insufficient to give this court jurisdiction under art. 4, § 4, of the constitution. In our opinion, the position is untenable. The thing in controversy in this appeal is real property, according to the order and judgment of the superior court, and which respondents allege to be of the value of $1,000. It is an appeal not by Wilbur and wife, directly or indirectly, from the money judgment against them, but by Downey from a final judgment made in favor of Wilbur and wife at the conclusion of a separate proceeding instituted by them by which they have had removed from their real property the lien of a levy and had it declared free under the exemption laws. It was a proceeding on the equity side of the court that resulted in an injunctive order from which the appeal has been prosecuted.

Respondents rely upon the cases of *Leites v. Peterson*, 68 Wash. 474, 123 Pac. 773; *Wade v. Weber*, 82 Wash. 591, 144 Pac. 901; and *State ex rel. Swan v. Superior Court*, 105 Wash. 167, 177 Pac. 679. Those

cases considered situations decidedly different from this one. In their order they were: (1) an appeal from an adverse judgment of the superior court in an action by a judgment debtor to restrain the enforcement of a judgment of a justice of the peace, which had been affirmed by the superior court, for less than $200; (2) an appeal from an adverse judgment of the superior court affirming on a writ of certiorari a judgment of a justice of the peace for less than $200; and (3) an original mandamus application in this court to compel the superior court to dismiss an action at law for the recovery of money in the sum of only $125. In the two first cases just referred to, the appeals to this court were taken by those who were debtors in the judgments of the justices of the peace to indirectly secure a review of those judgments—indirect methods of appeal in cases where direct appeals were denied by the law. Neither of the three cases just mentioned is applicable here, where the appeal is at the instance of the creditor in the original judgment because of an order procured after that judgment upon a proceeding by the debtors affecting their homestead exemption. The appeal in no way seeks a review of the judgment of the justice of the peace, which is favorable to the appellant and from which no appeal to this court is attempted in any manner by the respondents.

The motion to dismiss the appeal is denied.

PARKER, C. J., TOLMAN, FULLERTON, and HOLCOMB, JJ., concur.