[No. 18640. Department One. July 31, 1924.]

WESLEY LLOYD, *Appellant*, v. H. W. REINARD,
*Respondent.*[1]

APPEAL (23)—DECISIONS REVIEWABLE—SUITS IN EQUITY. Where,
in replevin of an automobile belonging to plaintiff, defendant an-
swered, claiming a lien for labor and materials in its repair and
praying foreclosure of the lien, and it was stipulated that the
only matter in issue was the amount of the lien, the action is one
of equitable cognizance, of which the supreme court would have
jurisdiction on appeal, regardless of the amount in controversy, as
it is not an "action at law" for the recovery of money, within the
$200 limitation of Const., Art. IV, § 4.

Motion to dismiss an appeal from a judgment of the
superior court for Pierce county, Clifford, J., entered
December 18, 1923, in an action originally commenced
as an action in replevin. Denied.

*Remann & Gordon,* for appellant.

*J. Chas. Dennis,* for respondent.

PARKER, J.—The respondent, Reinard, moves this
court to dismiss appellant Lloyd's appeal upon the
ground that this court has no jurisdiction to entertain
the appeal because the amount in controversy does not
exceed the sum of two hundred dollars; invoking the
provisions of § 4, art. IV, of our constitution, reading
as follows:

"The supreme court shall have . . . appellate
jurisdiction in all actions and proceedings, excepting
that its appellate jurisdiction shall not extend to civil
actions at law for the recovery of money or personal
property when the original amount in controversy or
the value of the property does not exceed the sum of
two hundred dollars, . . ."

[1]Reported in 227 Pac. 855.

As originally commenced by Lloyd, in the superior court for Pierce county, this was a replevin action wherein he sought recovery of his automobile from the possession of Reinard, alleging the automobile to be of the value of $500. Having filed his affidavit and a replevin bond, with sufficient surety in usual form, Lloyd obtained possession of the automobile pending the action. Reinard answered, claiming his right to hold and retain possession of the automobile, and thereby secure his claim of lien thereon in the sum of $188.95 for labor performed and material furnished in the repair of the automobile while in his possession, in his shop in Tacoma, at the instance and request of Lloyd. Reinard's prayer is, in substance, that the automobile be returned to him or to the sheriff; that his lien in the amount of $188.95 be foreclosed, and the automobile sold and the proceeds applied toward the satisfaction thereof; and that he have a money judgment against Lloyd and the surety on the replevin bond to whatever extent his lien cannot be so satisfied. Lloyd replied, denying the performance of labor and the furnishing of material by Reinard in the repair of the automobile, to any greater extent than of the reasonable value of $35, alleging tender of that sum to Reinard in full satisfaction of his lien before the commencement of the action. At the commencement of the trial in the superior court, a stipulation was entered into which is evidenced by statement of facts duly certified by the trial judge, as follows:

"At the opening of court at the time of trial of said action, it was stipulated between the attorney for the plaintiff and the attorney for the defendant that the only question at issue was the amount that was due the defendant from the plaintiff, that the defendant had a lien upon the car for the amount of his services and plaintiff claimed that the amount of the lien should not

be over $35, and defendant claimed that the amount of the lien should be $188.95.''

The issues being thus made and understood by counsel on both sides, the trial proceeded and resulted in a judgment of foreclosure in favor of Reinard, in substance as prayed for in his answer, from which Lloyd has appealed to this court.

The substance of the contention of counsel for Reinard is that the pleadings, and the above quoted stipulation entered into at the commencement of the trial, demonstrate that this controversy has, in its final analysis, been resolved into ''a civil action at law for the recovery of money'' in an amount which ''does not exceed the sum of two hundred dollars,'' and that, therefore, it is no longer a case within the appellate jurisdiction of this court, notwithstanding the value of the automobile is $500.

We may concede, for purposes of argument, but do not now decide, that Reinard's claim of lien right in the automobile is now the only amount, or value, in controversy. But is this case, viewed from Reinard's standpoint, ''a civil action at law''? We think not. By the affirmative allegations of his answer and his prayer for affirmative relief, he has, it seems quite plain to us, converted the action into one of equitable cognizance. So far as the nature of the action is concerned, Reinard has placed himself in the same position he would be in were he the original plaintiff in the action, seeking foreclosure of his claim of lien with the automobile still in his possession. This court has repeatedly held that, when an action in the superior court is equitable in its nature, it is not a ''civil action at law for the recovery of money or personal property,'' within the meaning of the constitutional provisions above quoted, and that judgments rendered in

actions of equitable cognizance are subject to review in this court, regardless of the amount of money or value of the property right involved. It has been so held, in substance, in the following cases decided by this court: *Blake v. State Savings Bank,* 12 Wash. 619, 41 Pac. 909; *Trumbull v. Jefferson County,* 37 Wash. 604, 79 Pac. 1105; *Horrell v. California etc. Ass'n,* 40 Wash. 531, 82 Pac. 889; *Agnew v. Barto & Son's Bank,* 48 Wash. 66, 92 Pac. 885; *Gordon v. Cummings,* 78 Wash. 515, 139 Pac. 489.

These decisions all relate to money and personal property claims. We have studiously avoided calling to the support of our conclusion decisions involving liens upon, or other interests in, real property wherein the amount or value involved has been held to be of no consequence in determining this court's appellate jurisdiction. Being of the opinion that the issues presented to, and determined by, the trial court constituted a case of equitable cognizance, we conclude that the amount involved is of no controlling force in determining the question of this court's appellate jurisdiction.

Reinard's motion to dismiss Lloyd's appeal is denied.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.